**UNITED STATES v. JONES.**

No. 9790.

United States Court of Appeals
Seventh Circuit.

June 9, 1949.

Alfred E. Roth, Charles D. Snewind, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Attorney, Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and MINTON and DUFFY, Circuit Judges.

MINTON, Circuit Judge.

The defendant was charged in three counts of an indictment with the sale of narcotics made not in pursuance of a written order on a form issued by the Secre-

tary of the Treasury of the United States, in violation of 26 U.S.C.A. § 2554(a). The case was tried by the court without a jury and at the conclusion of the Government's evidence, the defendant made a motion "for discharge" because the Government had not proved any offense charged in the indictment. The court sustained the motion as to Count One and overruled it as to Counts Two and Three. The defendant then introduced some evidence, and the motion "for discharge" was, according to a recital in the court's order, renewed at the conclusion of all the evidence and overruled by the court. The defendant was found guilty on Counts Two and Three and sentenced to three years on each count, the sentences to run concurrently. From this judgment, the defendant has appealed.

Only one question is presented upon this record and that is whether venue has been proved. The Government answers that the question was not raised below, and even if it were that venue was proved.

■ It is hardly worthwhile to point out that the proper motion to raise the question as to the sufficiency of the evidence is a motion for acquittal. Federal Rules of Criminal Procedure, Rule 29, 18 U.S.C.A.

■ Next, there is no showing in the record that a motion was made "for discharge" at the conclusion of all the evidence, but the court's judgment recites that such a motion was made, and the court's record imports absolute verity. Spencer v. Lapsley, 20 How. 264, 61 U.S. 264, 15 L.Ed. 902; Karnes v. Keck, D.C., 11 F. Supp. 577, 578. We accept as true the recital in the judgment that a motion "for discharge" was made at the conclusion of all the evidence.

■ Did the motion for discharge, which we shall consider as the equivalent of a motion for acquittal, made at the conclusion of all the evidence, sufficiently raise the question as to the proof of venue? The motion for acquittal takes the place of a motion for directed verdict. Rule 29, Federal Rules of Criminal Procedure, supra, and see Notes of Advisory Committee on Rules, Subd. (a) 1. The motion for a directed verdict raises the question as to

the sufficiency of the evidence to support the verdict of a jury or finding of the court. One of the things the Government has the burden of proving is venue. It is an essential part of the Government's case. Without it, there can be no conviction. U.S.Const. Amend. VI; Cain v. United States, 8 Cir., 12 F.2d 580; Brightman v. United States, 8 Cir., 7 F.2d 532; Moran v. United States, 6 Cir., 264 F. 768; Vernon v. United States, 8 Cir., 146 F. 121, 126.

■ We think the motion for acquittal made at the conclusion of all the evidence properly raised the question of venue in the court below. It is a challenge to the Government in the presence of the court that the Government has failed in its proof. The motion is not required by the rules to be in writing or to specify the grounds therefor. That in itself would indicate that the defendant is not required to go over the proof for the benefit of the Government or the court, in the absence of some request for more specific objection. We do not know what kind of a motion "for discharge" was made. No written motion was set forth in the record. We assume that the motion was oral and was summarily overruled by the court, and the Government was satisfied with the record. The Government has a duty to perform. First, it must prove its case on the record and that includes the proof of venue. Second, if that proof is challenged as to sufficiency by a general motion for acquittal, it is the Government's duty to require the defendant to be specific in his objection, and a failure to do so will not enable the Government on appeal to say that the question was not specifically raised below. If it was not, that was the Government's fault. Surely, the defendant does not have to lead the Government through the various steps of the trial to insure a proper record for the Government to stand upon. The Government cannot be heard to say it does not know the significance of a motion for acquittal. It follows that if there was a failure in the proof of venue by the Government, such failure required an acquittal, and the court should have sustained the defendant's motion.

■ We pass to the sufficiency of the proof of venue. Venue does not have to be proved by direct and positive evidence.

If, upon the whole evidence, it may reasonably be inferred that the crime was committed where the venue was laid, that is sufficient. United States v. Karavias, 7 Cir., 170 F.2d 968, 970; Wallace v. United States, 7 Cir., 243 F. 300, 306. However, venue will not be inferred from proof that the acts constituting the crime were committed upon certain streets, where the city within which the streets are located is not identified. The court will not take judicial notice that the streets referred to in evidence are in any certain town. Jianole v. United States, 8 Cir., 299 F. 496, 498-499; Rost v. F. H. Noble & Co., 316 Ill. 357, 362, 147 N.E. 258; Gunning v. People, 189 Ill. 165, 59 N.E. 494, 82 Am.St.Rep. 433; Dougherty v. People, 118 Ill. 160, 8 N.E. 673.

■ The evidence in this case refers to several streets where the transactions took place between the defendant and the Government agents, but not one of them is identified as being in the city of Chicago. If they had been so identified, we would judicially know that Chicago is within the Northern District of Illinois. Chicago is mentioned five times in the record, but not once in relation to the crime charged. Specifically, Chicago was mentioned twice by the chemist who analyzed the narcotics: when he referred to the location of his laboratory, and when he referred to the University of Chicago as the school where he took postgraduate courses in chemistry. Twice the Bureau of Narcotics in Chicago is referred to as the place where the narcotics in question were seen by a narcotic agent who had nothing to do with the purchases. This might have been enough if the Chicago headquarters office of the Bureau of Narcotics had jurisdiction only in Chicago or the Northern District of Illinois, but we judically know that the headquarters office in Chicago has jurisdiction in Illinois, Indiana, and Wisconsin. 21 C. F.R., 1946 Supp., 206.2. Therefore, narcotics in the possession of the Chicago headquarters office might have come from the Southern District of Illinois or from one of the districts in the other two states. It is no evidence at all that the narcotics in question were purchased in Chicago. And finally, Chicago was referred to by the agent who made the purchase, when he was asked on cross-examination if he knew that an informer he had used to assist him in making the purchases was in jail, and he replied that he did not know it until the deputy sheriff brought the informer into court, as " * * * I was not in Chicago. I have not been here rather for the last two months." These are the only references to Chicago, and they prove nothing as to where the purchases were made.

■ There is a total failure of proof as to venue, and the motion "for discharge" at the conclusion of all the evidence should have been sustained.

The judgment of the District Court is reversed.