### UNITED STATES v. BROTHMAN et al.

No. 290, Docket 22039.

United States Court of Appeals
Second Circuit.

Argued June 14, 1951.

Decided July 26, 1951.

See also 93 F.Supp. 924.

John McKim Minton, New York City, (William F. McNulty, New York City, of counsel) for appellant Brothman.

William L. Messing, New York City, for appellant Moskowitz.

Irving H. Saypol, U. S. Atty., New York City, for appellee; (Bruno Schachner, Roy M. Cohn, John M. Foley and Stanley D. Robinson, Assts. U. S. Attys., New York City, of counsel), for appellee.

Before SWAN, Chief Judge, AUGUSTUS N. HAND and L. HAND, Circuit Judges.

SWAN, Chief Judge.

These are appeals from judgments of conviction and sentence upon an indictment which charged both appellants with the crime of conspiracy, 18 U.S.C. § 88 (1946 ed.),[1] and Brothman alone with the substantive offense of endeavoring to persuade a witness to give false testimony before a federal grand jury, 18 U.S.C. § 241 (1946 ed.).[2] Brothman was sentenced to consecutive terms of 2 and 5 years and fines of $10,000 and $5,000 on the respective counts; Moskowitz was sentenced to 2 years' imprisonment and fined $10,000. Brothman's appeal raises a single issue, namely, failure to prove venue of the substantive offense. The appeal of Moskowitz challenges the sufficiency of the evidence to prove her participation in the conspiracy, and asserts prejudicial error in the prosecution's summation.

We address ourselves first to the conspiracy count. In the summer of 1947 a federal grand jury in and for the southern district of New York was conducting an investigation of possible violations of the espionage laws. Brothman and one Gold were summoned to appear as witnesses before this grand jury. The conspiracy count charged that both appellants together with Gold, who was named as a conspirator but not as a defendant, agreed that Brothman should give false testimony before the grand jury, should inform Gold thereof, and Gold should likewise give false testimony consonant with Brothman's. The case against the appellants was made largely by the testimony of Gold. Moskowitz does not question the sufficiency of the evidence to prove that such a conspiracy existed between Brothman and Gold, but contends that she was not shown to have been a party to it. An examination of the record convinces us beyond doubt that the contention is groundless. Without discussing the evidence in detail it will suffice to refer to a few incidents which indicate that she repeatedly assisted in making jibe the false stories of the two main actors. After Gold had been interviewed by agents of the Federal Bureau of Investigation, he recounted in the presence of Brothman and Moskowitz what he had

1. 1948 Revised Criminal Code, 18 U.S.C. A. § 371.

2. 1948 Revised Criminal Code, 18 U.S. C.A. § 1503.

told the agents, and Brothman remarked that he had made "a very fine choice of a story." The inference that the story was false must have been obvious to Moskowitz. She was also present when Gold refused to tell Brothman about his espionage activities because Brothman "was already deeply enough involved." When Brothman was considering testifying before the grand jury to a story different from that he had originally told the F. B. I. agents Moskowitz expressed concern and told Gold she was going to tell Brothman to try to stick to the original story; and she later told Gold that she and attorney Needleman persuaded Brothman to do so. Finally, on the night before Gold was to testify, Moskowitz said that she wished to go home early "so that Abe [Brothman] and I would have plenty of time to match our stories before my appearance before the grand jury the next morning."

■ The next contention of appellant Moskowitz is that she was prejudiced by repeated statements in the prosecutor's summation that the defense had failed to contradict the government's testimony. It is conceded that as a general rule a reference to the testimony for the prosecution as uncontradicted is not an indirect comment on the defendant's failure to testify, but the appellant contends that an exception exists where the only persons who could contradict the testimony are the defendants themselves.[3] Assuming *arguendo* that such an exception should be recognized, we do not think that the appellant's case falls within it. The prosecutor's comments were general and made without express reference to Moskowitz. It is possible to explain them as covering occurrences as to which contradiction could have come from others than this appellant. For example, the comment to which objection was first interposed was the following: "The truth of the testimony offered here by Miss Bentley, Gold and others is conclusively established by the failure of the defense to produce one solitary word contradicting any of this testimony." In overruling the objection the court stated, "I will deal with that later properly myself." And in his charge the judge instructed the jury that they may not "infer guilt nor even draw a single unfavorable inference against the defendants because they did not take the stand." We think this was all that was required.[4]

■ We turn now to Brothman's appeal. The court's charge limited the substantive crime to endeavoring to influence Gold to give false testimony, and the jury was told that the Government did not have to prove the success of the endeavor. Concededly all of Brothman's "endeavors" to influence Gold's testimony took place in the eastern district of New York, although Gold's testimony was given in the southern district. The contention on appeal is failure of proof of venue. At the close of the prosecutor's case, Brothman moved for a directed verdict on count 2 on the ground that the evidence was insufficient. This motion was renewed at the end of the entire case. The Government's only answer to the appellant's argument is that Brothman waived his constitutional privilege to be tried where the crime was committed by going to trial in the southern district without objection. Where the indictment discloses lack of venue, going to trial without objection to venue is a waiver. United States v. Jones, 2 Cir., 162 F.2d 72, 73. There is a dictum in United States v. Michelson, 2 Cir., 165 F.2d 732, 734, affirmed, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, that the same result may follow if the defendant is warned of the defect during the course of the trial. In the case at bar Brothman could not know that venue would not be proved until the prosecutor's evidence was closed; he then moved for a

3. See Linden v. United States, 3 Cir., 296 F. 104; Barnes v. United States, 8 Cir., 8 F.2d 832.

4. See Lefkowitz v. United States, 2 Cir., 273 F. 664, 668, certiorari denied 257 U.S. 637, 42 S.Ct. 49, 66 L.Ed. 409; United States v. Shapiro, 2 Cir., 103 F.2d 775, 776; United States v. Di Carlo, 2 Cir., 64 F.2d 15, 17; United States v. De Vasto, 2 Cir., 52 F.2d 26, 30, 78 A.L.R. 336, certiorari denied 284 U.S. 678, 52 S.Ct. 138, 76 L.Ed. 573; Boehm v. United States, 8 Cir., 123 F.2d 791, 810.

directed verdict. We may assume *arguendo* that had he argued the motion and said nothing about failure to prove venue, he might be held to have waived the defect. But the motion was denied without argument being heard. In United States v. Jones, 7 Cir., 174 F.2d 746, Judge Minton (now Mr. Justice Minton), speaking for the court, held that a motion for acquittal made at the conclusion of all the evidence properly raised the question of venue in the court below. Such a motion need not specify the grounds therefor. We agree with the Seventh Circuit decision. Accordingly Brothman's conviction on count 2 must be reversed. The conviction of both appellants on the conspiracy count is affirmed.