**UNITED STATES of America,**
**Appellee,**

v.

**Cecilio RIVERA, Jr., Defendant-Appellant.**

**No. 49, Docket 31288.**

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1967.

Decided Jan. 19, 1968.

Jerome C. Ditore, Asst. U. S. Atty., Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., for Eastern Dist. of New York, Brooklyn, N. Y., on the brief), for appellee.

Abraham Solomon, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and WATERMAN and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge.

Cecilio Rivera was tried by Judge Bruchhausen in the Eastern District of New York, sitting without a jury, and convicted of a purchase of 51.55 grams of cocaine not in or from the original package in violation of 26 U.S.C. § 4704 (a).[1] He was sentenced to five years imprisonment. On appeal he seeks to raise the question whether possession of narcotics can consistent with the Constitution create a presumption not only of an unlawful purchase but of a purchase within the district where the accused is found in possession, as provided by the statute. In particular Rivera challenges reliance by the government on this inference of venue when, as here, there was evidence that indicated a prior possession in the Southern District. We do not reach the issue raised by this challenge because we find that the appellant waived his objection to venue in the Eastern District when he moved for an acquittal on specific grounds without any mention of venue.

The facts are not in dispute. The testimony produced at the trial indicated that an agent of the Federal Bureau of Narcotics received information from a reliable informant that a Bronx man was trafficking in narcotics. On the instructions of the agent, the informant telephoned the appellant who was in the Bronx, which is in the Southern District, and arranged a meeting for the next day at Kennedy Airport which is in the Eastern District. Another call was made on the day of the appointed meeting, and the appellant stated he had the cocaine and would be at the airport. The informant and appellant met later that day at the Eastern Airlines Terminal of Kennedy Airport, left the terminal and walk-

[1]. 26 U.S.C. § 4704(a):

"(a) General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

ed to the appellant's automobile. The appellant was arrested after entering the car, and a search of the vehicle revealed nine tinfoil packages containing cocaine.

In the course of the trial, the government offered no evidence to establish the purchase or the place of purchase but relied on the statutory inference in § 4704(a): "the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

Appellant did not offer any evidence on his own behalf. However, his attorney did move for acquittal, and specified three grounds. The first two involved questions concerning the arrest and search, and are not pertinent here. The third ground was

> that the Government has failed to prove the charge set forth in the indictment number 66-Criminal-225, to wit, that this defendant on or about the 12th day of February 1965, within the Eastern District of New York, unlawfully purchased approximately 51–55 grams of the narcotic drug cocaine, which drug was not in or from the original package bearing tax stamps as required by law.

> Now, your Honor, the testimony here affirmatively shows that they found nothing on the person of this defendant, this defendant had no contraband. They found contraband in the car and therefore they came to the conclusion that this defendant purchased the same.

> There is no proof established by the Government that this defendant at any time, at any place, in any manner whatsoever, purchased Government's Exhibit 2, which the Government offered in evidence. I therefore move to acquit.

The Assistant United States Attorney responded, and pointed out that under the statute possession raised an inference of purchase, and the defendant's attorney then made an additional "comment":

> The presumption in the statute, and I am familiar with it, the presumption applies only to such cases where the narcotics were found in the possession because the statute reads that where a defendant is charged with a violation of any of these sections of the narcotics law, "is or has in his possession," "is or has in his possession," that is where the presumption applies, unless it is explained.

> Now, in this case, the testimony is that this defendant did not have any narcotics in his possession. The agent said he wasn't searched at the time of the arrest or before the arrest. However, the agent said that when the defendant was taken out of the car they found a package there.

> I say there is no proof that the package was the package owned or possessed by this defendant.

The court denied the motion.

It is quite clear from this exchange that the motion was directed to whether the narcotics were in the defendant's possession, not to the propriety of venue in the Eastern District. Thus the question is whether an objection to venue is waived when a motion for acquittal is made on specific grounds without mention of venue.

 We start with the premise that venue requirements are an essential part of a case, and that a question of venue raises "deep issues of public policy in the light of which legislation must be construed." United States v. Johnson, 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236 (1944); see also Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961); United States v. Gross, 276 F.2d 816 (2 Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960). Art. III, § 2 of the Constitution provides that criminal trials "shall be held in the State where the said crimes shall have been committed," and this safeguard is reinforced by the Sixth Amendment provision that the criminal trial shall be before an impartial jury of "the State and district wherein

the crime shall have been committed." Venue is important as a guaranty of the defendant's right to be tried in the vicinity of his criminal activity, and venue requirements are imposed to prevent the government from choosing a favorable tribunal or one which may be unduly inconvenient for the defendant. In United States v. Gross, 276 F.2d 816, 818–819 (2 Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960), we stated that in limited circumstances an objection to improper venue could be waived although the objection is preserved by a general motion for acquittal after all the evidence has been received. See United States v. Browne, 225 F.2d 751, 754–755 (7 Cir. 1955).

However, where as here a motion for acquittal is made on specified grounds which do not include any objection to venue, we think that objection has been waived. The specification of grounds in the motion is an indication that counsel has evaluated the record and has these particular reasons for his motion. His omission of venue from those reasons is similar to a general failure to move for acquittal in spite of the government's failure to provide any substantial evidence to support the alleged venue. In the latter circumstances, the Sixth Circuit found the objection waived, United States v. McMaster, 343 F.2d 176, 181 (6 Cir.), cert. denied, 382 U.S. 818, 86 S.Ct. 42, 15 L.Ed.2d 65 (1965); cf. United States v. Michelson, 165 F.2d 732, 734 (2 Cir.) (dictum), aff'd, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

■ The Ninth Circuit has found waiver where the defendant made a motion to acquit on specific grounds and did not mention venue. Gilbert v. United States, 359 F.2d 285, 288 (9 Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966); United States v. Brothman, 191 F.2d 70, 72–73 (2 Cir. 1951) (dictum). We think this the proper result. It is not unreasonable to expect the defendant to make some reference to the venue point in order to save his objection for appeal. Where he moves to acquit without specification, we might assume venue to be included among his unarticulated disagreements with the conduct of the case, but where he does specify grounds for the motion and omits mention of venue we must conclude that he cannot be considered to have raised a question concerning the place of trial. Since there can be no doubt that Rivera did move for acquittal on specific grounds without mention of improper venue at that time, he waived any objection he may have had.

■ In view of our conclusion that defendant's contention regarding alleged improper venue will not be heard on appeal, as it was not raised at trial, we find it unnecessary to concern ourselves with the question whether purchase in the Eastern District was a permissible inference in the light of the proof.

Conviction affirmed.

WATERMAN, Circuit Judge (dissenting).

I respectfully dissent from the judgment my brothers would enter, a judgment which affirms the conviction below without ever reaching or discussing the question of whether defendant-appellant was proved guilty of having violated the especially-designed criminal statute upon which he was indicted. That statute is set forth in footnote 1 of the majority opinion.

I respectfully dissent from the opinion my brothers have written, which, to my mind, incorrectly interprets the trial record. They hold that, though appellant's counsel at the close of the government case made a proper motion for an acquittal, he somehow then waived that motion by not orally discussing the most significant part of it. I believe appellant should have been acquitted on the merits for failure of the Government's proof. I cannot go along with so broad an extension of the concept of waiver, an extension which in this case is so prejudicial to appellant as to be the sole method by which his conviction below is affirmed.

The majority here recognizes that "venue requirements are an essential

part of a case," and that an objection to venue is preserved by a general motion for acquittal after all the evidence has been received. United States v. Jones, 174 F.2d 746, 748 (7 Cir. 1949). And see United States v. Browne, 225 F.2d 751, 755 (7 Cir. 1955); United States v. Gross, 276 F.2d 816, 818–819 (2 Cir.), cert. denied, 363 U.S. 831, 80 S.Ct. 1602, 4 L.Ed.2d 1525 (1960). Thus if defense counsel had said no more than "I move to acquit" the issue of whether venue was proved in this case would be before this court. However, they would hold that, because defense counsel in arguing his motion set forth his grounds for it without mentioning the word "venue" in his argument, he waived any claim he might have had that the Government had not proved the commission in the Eastern District of New York of the crime charged to have been committed in that District. I cannot agree that defense counsel so unprofessionally prejudiced his client's case by any such waiver.

Defense counsel orally argued as the third ground for his motion to acquit that the Government had "failed to prove the charge set forth in the indictment" and read verbatim the charging portion thereof. My brothers have quoted his language in their opinion. Obviously one of the grounds for the motion was the insufficiency of the evidence to prove the crime alleged. Counsel then pointed out that the Government had failed to prove that defendant had possessed the contraband narcotics, ending his remarks with:

> "There is no proof established by the Government that this defendant at any time, *at any place,* in any manner whatsoever, purchased Government's Exhibit 2, which the Government offered in evidence. I therefore move to acquit." (emphasis supplied).

Thus he clearly set forth that his motion was based upon the ground that there had been a failure, not only of the Government's proof of possession (and hence, as possession was necessary under the presumption to substantiate a prima facie case, proof of purchase) but also

that there had been a failure of proof of the time or place or manner of any purchase. Counsel's entire argument consumed but five paragraphs of the record, the final three being quoted in the majority opinion. He began by saying: "Now, Your Honor, on the *whole* case the defendant moves to acquit \* \* \*." (emphasis supplied), and in the fifth and closing paragraph, which we have both quoted, he directed his remarks to failure of the Government's proof on each and every allegation in the indictment.

A vital allegation, of course, is the one alleging that the crime charged took place within the judicial district wherein the indictment says it took place. I do not understand how my brothers can hold that counsel threw away his case at this point.

My brothers also quote defense counsel's three-paragraph reply to the Assistant United States Attorney's response to defense counsel's initial argument. The prosecutor had argued that the Government testimony had proved that defendant at Kennedy Airport had a clear-cut possession of the drugs and proof of that possession when considered with the statutory presumption that possession proves purchase satisfied the government burden.

Defense counsel of course limited his rebuttal remarks to the issue the prosecutor argued; it would be a strange requirement indeed that in a rebuttal presentation a counsel to avoid a waiver of a position taken by him in his opening argument has to repeat that argument. Apparently my brothers would hold that there was such a waiver here.

The prosecutor argued that the packages found on the seat of defendant's automobile were certainly possessed by him. The government testimony was that an informer had arranged with the defendant to have the defendant deliver cocaine to him at the Kennedy Airport. This arrangement had been made by monitored telephone calls made by the informer to the defendant at the defendant's home in the Bronx. The content of these calls was testified to by two gov-

ernment agents, the agents who had monitored them. The defendant said he had the narcotics and would deliver them. Defendant's home was in the Southern District of New York, and it is uncontradicted that defendant had the cocaine in the Bronx and drove from the Southern District with it to the Kennedy Airport in the Eastern District in order to deliver it according to the arrangement. As I have stated earlier, if the guilt of this defendant were to be adjudicated on its merits, I (and I apprehend my brothers also) would be required to hold that the Government had not proved its case because the Government's two witnesses, the only two witnesses in the case, by their own testimony had rebutted any presumption that this defendant had purchased these narcotics in the Eastern District of New York, and therefore the Government had failed to prove all of the elements of the offense alleged in the indictment.

Our court has always followed and adopted with approval the language of Justice Minton in United States v. Jones, supra, 174 F.2d at 748, stated by him during his service on the Seventh Circuit:

> The Government has a duty to perform. First, it must prove its case on the record and that includes the proof of venue. Second, if that proof is challenged as to sufficiency by a general motion for acquittal, it is the Government's duty to require the defendant to be specific in his objection, and a failure to do so will not enable the Government on appeal to say that the question was not specifically raised below. If it was not, that was the Government's fault. Surely, the defendant does not have to lead the Government through the various steps of the trial to insure a proper record for the Government to stand upon. The Government cannot be heard to say it does not know the significance of a motion for acquittal.

My brothers cite two Second Circuit cases in support of their proposition that a defense counsel may, by a waiver, relieve the Government of proof of venue.

In each of these cases the language of Judge Minton is specifically approved. In the elder, United States v. Brothman, 191 F.2d 70, 73 (2 Cir. 1951), our court said flatly " \* \* \* that a motion for acquittal made at the conclusion of all the evidence properly raised the question of venue in the court below. Such a motion need not specify the grounds therefor." In the later, United States v. Gross, 2 Cir., 276 F.2d 816, 818, the language is quoted with approval, and in *Gross* our court held that the government claim there that Gross had waived any objection to venue was ill-founded, for venue was properly laid in the district where the indictment was filed.

I would not hold that counsel here so prejudicially waived his client's right to be acquitted, and would reach the merits.