470 A.2d 809

**Glenn Howard GRINDSTAFF**

v.

**STATE of Maryland.**

**No. 201, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Feb. 3, 1984.

Certiorari Denied May 28, 1984.

Josiah Lyman, Washington, D.C., with whom was George Molnar, Silver Spring, on brief, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Arthur A. Marshall, Jr., State's Atty. for Prince George's County and Deborah A. Johnston, Asst. State's Atty. for Prince George's County, on brief, for appellee.

Argued before LISS, GARRITY and ADKINS, JJ.

LISS, Judge.

Appellant, Glenn Howard Grindstaff, was indicted by a grand jury for Prince George's County for the offense of bribery pursuant to Maryland Code (1957, 1982 Repl.Vol.), Article 27, § 23. He was accused of bribing James Clements, an employee of Mt. Rainier, Prince George's County, in order to influence him in the performance of his official duties as a police officer. Appellant pleaded not guilty, waived a jury trial and filed a motion to dismiss for lack of jurisdiction. Trial began on November 17, 1982. At the conclusion of the testimony of Clements, the State's first witness, the appellant moved for dismissal on the ground of lack of jurisdiction. The motion was denied. Trial was adjourned until November 29, 1982. At the conclusion of the State's case appellant moved for a directed verdict and a judgment of acquittal. Both motions were denied. At the

conclusion of all the testimony the appellant renewed all his motions and they were again denied. The trial judge thereupon entered a verdict of guilty of bribery. Sentence was thereafter imposed and appellant filed a motion for arrest of judgment and a motion for judgment *non obstante veredicto*[1] and motion to dismiss the case. The State filed a motion in opposition to the appellant's motions. The record does not reflect any ruling by the trial court on appellant's motions but discloses that appellant filed this appeal without any request for a ruling on the motions. Appellant asks us to consider the following issues:

1. Did the trial court have jurisdiction over the alleged bribery where it was contended that the bribery occurred in the District of Columbia?

2. Were the State's exhibits properly admitted into evidence?

3. Did the evidence generate the defense of entrapment?

4. Did the evidence generate a defense of an alleged conspiracy between the State's principal witness, Officer Clements, the appellant's wife, and her alleged paramour?

## 1.

Officer Clements testified that he was employed by the Mt. Rainier Police Department on May 7, 1982, and that he had known the appellant for three years. Clements stated that he was aware that appellant and his wife were engaged in a pending divorce action. Certain of appellant's records had been subpoenaed and appellant did not want to disclose the information included in the records. He suggested that Clements falsify a report of a breaking and entering at appellant's garage, with a theft therefrom of business records, as well as $2500 in cash, a typewriter and an adding machine. Appellant agreed to divide the $2500 to be re-

---

1. We have been unable to discover any authority in the Maryland Rules for the use of a motion *non obstante veredicto* in a criminal proceeding.

ceived from the insurance company with Officer Clements. The officer reported the solicitation to his superiors and arrangements were made to wire the officer to record conversations with the appellant. The officer returned to the appellant's filling station and garage where a conversation was recorded and appellant gave Officer Clements $100 in cash, on account. The money was turned over to the Prince George's Police Department. Officer Babb, who received the money, recorded the serial numbers and placed his identification number and initials on each bill. He identified State's Exhibit 1 as the photo of the bills he marked on the date the alleged bribe took place. Officer Babb then identified State's Exhibit 2–9 as photographs accurately depicting the filling station lot and the people on the premises on May 7, 1982, the date of the alleged bribe.

State's Exhibit 10 was identified by Babb as a tape recording that he heard and from which he made transcripts of conversations between the appellant and Officer Clements. The officer identified certain other sounds as background noise coming from the police radio. All of the State's exhibits were admitted into evidence.

Appellant offered evidence that Eastern Avenue, where the actual transfer of the money took place, is located in the District of Columbia. The trial judge took judicial notice that the District of Columbia extended 28 feet beyond the north curbline of Eastern Avenue and that Eastern Avenue is located in the District of Columbia. From these facts appellant argues that the offense in this case, if any, took place in the District of Columbia, and that the State of Maryland therefore was without jurisdiction to try appellant in Maryland. He contends that the courts of one State cannot take cognizance of a crime committed against the laws of a neighboring State and try a defendant for an offense committed in another State. *See Bowen v. State,* 206 Md. 368, 111 A.2d 844 (1955). We agree that this is an accurate statement of the law as explicated in *Bowen;* however, we do not agree that *Bowen* is controlling under the facts of this case.

Subject matter jurisdiction is "the power to hear and determine a case." *State v. Jones,* 51 Md.App. 321, 324, 443 A.2d 967 (1982). We further stated in *Jones, supra,* at 326–27, 443 A.2d 967:

"All the American states preserve the theory of territorial jurisdiction over local offenses by insisting upon the presence of some local element as a condition to prosecution of crimes which also have extrastate elements." Leflar, American Conflicts Law, § 111 at 224 (3d ed. 1977). "In many cases, the requisite elements of the crime may be committed in different jurisdictions, and in such cases any state in which an essential part of the crime is committed may take jurisdiction. It is necessary to discriminate carefully between those acts essential to the crime and those acts merely incidental to the crime." 21 Am.Jur.2d Criminal Law, § 345 (1981). [Footnotes omitted].

In *State ex rel. Gildar v. Kriss,* 191 Md. 568, 62 A.2d 568 (1948), the Court of Appeals, quoting the United States Supreme Court, stated:

"Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power." *Strassheim v. Daily,* 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735.

*Accord, Urciolo v. State,* 272 Md. 607, 325 A.2d 878 (1974).

In the instant case the crime charged was the corrupt offering of something of value to a Mt. Rainier, Maryland police officer to influence the performance of his official duties in Maryland. The false report was to be made concerning his business in Maryland. We think this case is akin to those involving the offense of obstruction of justice. The gravamen of the crime was the intended result in Maryland. Thus, in *In re Special Investigation No. 224,* 54 Md.App. 137, 144, n. 1, 458 A.2d 454 (1983), Judge Moylan, writing for this Court, stated:

*United States v. Kibler,* 667 F.2d 452 (4th Cir.1982), held that jurisdiction over an obstruction of justice case properly lay in the District of Maryland, although the threats upon a witness which represented the obstruction had occurred in the District of Columbia. The Court held, at 454, "[T]he situs of the crime is the place of the judicial proceeding that the accused sought to thwart."

■ In this case the crux of the matter of jurisdiction is the locus of the duties sought to be influenced. It is clear to us that the duties sought to be affected by the bribe offer were to be performed in Prince George's County, and we conclude, therefore, that the Circuit Court for Prince George's County had jurisdiction over the offense.

### 2.

■ Appellant objected to all the State's exhibits offered and accepted into evidence. We shall consider them seriatim. As to the money (State's Exhibit 1), the testimony established that it was in the same condition as when it was passed to Clements by the appellant. Where it was between May 7, 1982, and the time of trial, is irrelevant. The introduction of the money was surplusage as the testimony of both police officers established the passing of a thing of value, the necessary element for bribery. *Holle v. State,* 26 Md.App. 267, 337 A.2d 163, *cert. denied,* 275 Md. 750 (1975).

■ The photographs were properly admitted into evidence. It was necessary only to establish that they accurately depicted what they purported to represent at the relevant time. The evidence made it clear that these facts were established by the witnesses. *Cf., Carroll v. State,* 11 Md.App. 412, 274 A.2d 677, *cert. denied,* 262 Md. 745 (1971).

Appellant next argues that the trial judge erred in listening to a tape recorded transcript of the conversation between appellant and Officer Clements concerning the attempted bribe. The tape cassette of the transcripts was never formally offered into evidence as an exhibit.

■ The appellant, however, failed to object when the trial court first listened to the tape recording and referred to the transcript to aid the court in understanding what was said. The subsequent objection to the admission of the cassette after the trial judge had heard the evidence was not timely. *Holle v. State, supra.* In any event, Officer Babb had laid the proper foundation for the introduction of the cassette when he testified that it was an accurate recording of the conversation he had heard. The transcript was not formally introduced into evidence but when the trial judge offered the parties an opportunity to challenge the accuracy of the transcript, neither appellant nor the State made any challenge. We perceive no error.

### 3.

■ Appellant next complains that the trial judge should have found him not guilty on the basis of entrapment. The short answer to that contention is that there was no evidence of entrapment offered by the appellant. The evidence of the police officers, if believed, does not even remotely suggest that Clements induced appellant to commit the crime. It was appellant who solicited the commission of the crime of filing a false report. The appellant also offered Officer Clements a portion of the profit to be realized as a result of the fraud upon the insurance company. It is clear that from the beginning it was appellant who evidenced his criminal intent. Under these circumstances, the issue of entrapment was not generated. *See Bowser v. State,* 50 Md.App. 363, 439 A.2d 1 (1981); *Dravo v. State,* 46 Md.App. 622, 420 A.2d 1012 (1980).

### 4.

Appellant's final argument is not supported by the record. He seeks to suggest that Officer Clements, his estranged wife, and her alleged paramour conspired in a corrupt attempt "to cause harm to appellant and to ultimately destroy him." There is nothing in the testimony to support such an esoteric and bizarre plot.

JUDGMENT AFFIRMED.
COSTS TO BE PAID BY APPELLANT.