505 A.2d 895

Jean **PENNINGTON**

v.

**STATE of Maryland.**

**No. 815, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

March 11, 1986.

George E. Burns, Jr., and Kirk R. Osborn, Asst. Public Defenders (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Valerie W. Loftin, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore

City and Charles Chipparelli, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Argued before GARRITY, ALPERT and WENNER, JJ.

WENNER, Judge.

Jean Pennington, the appellant, entered an *"Alford"* plea [1] in the Circuit Court for Baltimore City, to a charge of obstruction of justice and was sentenced to time already served. The charge stemmed from the alleged stabbing of Susannah Sennett, in the District of Columbia, in order to dissuade Ms. Sennett from testifying in a pending Maryland assault case. Appellant argues that, because every act attributed to her occurred in the District of Columbia, the State of Maryland lacked jurisdiction to try or punish her. We disagree and shall affirm.

It seems to us that the appellant confuses an assault on Ms. Sennett with an assault on the Maryland criminal justice system. While the former may more properly concern the District of Columbia, the latter is of primary concern to this State.

We were faced with a somewhat similar situation in *Grindstaff v. State,* 57 Md.App. 412, 470 A.2d 809, *cert. denied,* 299 Md. 655, 474 A.2d 1344 (1984). In that case the defendant offered a bribe to a Prince George's County police officer hoping to induce the officer to file a false report in Maryland. The defendant later sought to overturn his conviction for bribery by arguing that when the

---

1. An *"Alford"* plea is a guilty plea containing a protestation of innocence. See *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). A court may accept such a plea only after determining (1) that the plea is voluntary; and (2) that there is factual basis for the plea. Md. Rule 4–242(c). There is no right to review of a final judgment entered following a guilty plea in a circuit court; however, Md.Code Ann., Cts. & Jud.Proc., § 12–302(c) provides that review may be sought by application for leave to appeal. This court granted the appellant's application for leave to appeal on September 6, 1985. Thereupon the case was transferred to the regular appeal docket of this court as No. 815, September Term, 1985.

bribe was offered and the money changed hands, the defendant and the officer were in the District of Columbia. In comparing *Grindstaff* to cases involving obstruction of justice, the court recognized that the gravamen of the crime was the intended result in Maryland. Thus, the court stated:

> [T]he crux of the matter of jurisdiction is the locus of the duties sought to be influenced. It is clear to us that the duties sought to be affected by the bribe offer were to be performed in Prince George's County, and we conclude, therefore, that the Circuit Court for Prince George's County had jurisdiction over the offense. *Id.* at 417, 470 A.2d at 812.

Somewhat analogous to the case at hand is that body of federal case law concerning proper venue in obstruction of justice cases. The federal circuits are split on the issue, with some circuits holding that in obstruction cases venue lies only in the district where the threatening actions occur. This was the view adopted by the Court of Appeals for the District of Columbia in *United States v. Swann*, 441 F.2d 1053 (D.D.Cir.1971). In that case the defendant was charged with attempting to dissuade a witness from testifying in the District of Columbia by shooting her. The shooting took place in Maryland. The district judge overruled the defendant's motion to dismiss for improper venue, concluding that: "The act of a defendant in shooting a complaining witness in a case then pending in this jurisdiction was an act affecting the due administration of justice within the District of Columbia, and as such comes under Title 18 U.S.C. § 3237." That statute, part of the United States Code relating to jurisdiction and venue in criminal cases, provided, in pertinent part:

> (a) Except as otherwise expressly provided by enactment of Congress, any offenses against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

In reversing the district judge, the Court of Appeals stated that:

> The flaw in the theory of the district judge is that the appellant's offense was not begun in one district and completed in another, or committed in more than one district. The offense condemned by the statute and charged in the indictment was begun, carried out and completed in the State of Maryland when the appellant "did injure the person of the said Pauline Hawkins" (Count One), and "did endeavor to influence, intimidate or impede Pauline Hawkins ... by assaulting the said Pauline Hawkins" (Count Two). The mold and form of the appellant's crime was finally cast in Maryland; it could not be altered by anything that might happen thereafter in the District of Columbia. *Id.* at 1055.

The reasoning in *Swann* was adopted by the Seventh Circuit in *United States v. Nadolny*, 601 F.2d 940 (7th Cir.1979), where that court held that in a prosecution for obstructing a criminal investigation, venue was proper in the district where the actual act of obstruction took place rather than in the district where the criminal investigation was proceeding. *Accord, United States v. Bachert,* 449 F.Supp. 508 (E.D.Pa.1978); *see also, United States v. Brothman,* 191 F.2d 70 (2d Cir.1951) (court assumed without deciding that venue in an obstruction case properly lay in district where threats had been committed). The appellant urges us likewise to adopt the reasoning of *Swann.*

Other circuits have, however, rejected the reasoning in *Swann* and held that in obstruction cases venue is proper in the district where the proceedings sought to be affected are located. *United States v. Tedesco,* 635 F.2d 902 (1st Cir. 1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 involved a prosecution for corruptly endeavoring to influence, obstruct, and impede the administration of justice in the United States District Court for the District of Massachusetts. The defendant was convicted in the District of Massachusetts, although all of his attempts to influence a witness occurred in New York. As in *Swann,*

the defendant in *Tedesco* was charged with violating 18 U.S.C. § 1503, which provided, in pertinent part, that "[w]hoever ... corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000.00 or imprisoned not more than five years, or both." In rejecting the holding of the *Swann* court, the First Circuit stated:

> We believe the *Swann* court erred in failing to recognize that Section 1503 was intended to allow a court to reach "constructive" contempts committed outside its presence. This failure to consider the purpose of Section 1503 caused the *Swann* court to misconstrue the nature of the offense prohibited by Section 1503. *Id.* at 906.

The court held that venue under Section 1503 is to be determined by focusing on which district is affected by the attempt to influence, obstruct, or impede the due administration of justice, stating that: "It is the impact of the acts, not their location, that controls." *Id.*

The Fourth Circuit faced the same issue in *United States v. Kibler*, 667 F.2d 452 (4th Cir.1982), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485. After acknowledging the divergent results among the circuits on the question, the court stated that:

> [T]he question is not free from difficulty. Although a logical argument can be presented to place the situs of the crime only in the district where the accused threatened a witness, both the text of the statute and its legislative history persuade us that venue is proper in the district where the obstruction of justice would take effect. *Id.* at 454.

The *Kibler* court specifically rejected the view expressed in *United States v. Swann, supra,* and *United States v. Brothman, supra.* Instead, relying heavily on the reasoning in *Tedesco*, the Fourth Circuit concluded that venue for a prosecution charging a violation of Section 1503 lies in the

district where the judicial proceeding that the accused sought to affect is pending. 667 F.2d at 454–55. *See also, United States v. O'Donnell,* 510 F.2d 1190 (6th Cir.1975), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (venue in a Section 1503 prosecution held proper in Tennessee, even though defendant made arrangements in Texas to kill a witness in a pending Tennessee trial); *United States v. Johnson,* 713 F.2d 654 (11th Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (where defendants kidnapped, in Michigan, a friend of a prospective Georgia witness, venue in a Section 1503 prosecution held proper in Georgia); *United States v. Barham,* 666 F.2d 521 (11th Cir.1982), *cert. denied,* 456 U.S. 947, 102 S.Ct. 2015, 72 L.Ed.2d 470 (where a witness in a pending Alabama proceeding was shot by the defendant in Tennessee, venue for an obstruction prosecution held proper in Alabama).

We think that the better reasoned cases are those that hold that, in obstruction cases, it is the impact of the acts and not their location that controls. The Maryland statute relating to obstruction of justice reads:

> If any person by corrupt means or by threats or force *endeavors* to influence, intimidate, or impede any ... witness ... of any court of this State in the discharge of his duty, or by corrupt means or by threats or force obstructs, impedes, or *endeavors* to obstruct or impede the due administration of justice therein, he is liable to be prosecuted, and on conviction to be punished by fine not exceeding $10,000.00 or by imprisonment not exceeding three years, or both, .... (emphasis added) Md.Code Ann. art. 27 § 27 (1957, 1982 Repl.Vol.)

Clearly, the harm that Section 27 is designed to prevent is damage to the integrity of court proceedings in this State. It proscribes unsuccessful attempts to cause damage as well as successful attempts. Although we note from the record that Ms. Sennett did testify in the Maryland assault case, it is impossible to believe that a demand not to testify coupled with a stab wound did not in any way influence or intimidate her. The elements of the crime were satisfied.

We decline to hold that prosecution of this crime by the State of Maryland must fail, simply because the prospective witness did not give in to force and threats, and refuse to testify.

The appellant vigorously argues that in order to punish her, some "overt act" attributable to her must have occurred in Maryland. Recognizing that, "at first blush", *Grindstaff* may foreclose this argument, she makes this distinction: in *Grindstaff* the police officer crossed the Maryland border to enter the District of Columbia to receive the bribe offer; hence, there was an "overt act". In the case *sub judice*, however, the appellant argues, we have no such "overt act". The distinction is specious. The "overt act" that the appellant claims distinguishes *Grindstaff* was committed by the recipient of the bribe, not its offeror.

Finally, the appellant claims that "as in *Swann*, the 'mold and form' of this crime was cast in another jurisdiction, and thus there is no jurisdiction in Maryland". *Swann*, however, involved the question of proper *venue* in a federal obstruction case. The appellant leaps too quickly from venue to jurisdiction; the terms are not synonymous. Subject matter jurisdiction is the power to hear and determine a case; venue concerns the proper place to hold the trial. *See, Grindstaff, supra*, 57 Md.App. at 416, 470 A.2d at 811; *State v. Jones*, 51 Md.App. 321, 323–25, 443 A.2d 967, 969–970 (1982), *vacated on other grounds*, 298 Md. 634, 471 A.2d 1055 (1984). While the federal cases we have cited are useful by way of analogy, the issue here is whether this State has the power to punish the obstruction of its administration of justice, when the obstruction involves violence outside its borders. The Court of Appeals has stated: "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect, if the state should succeed in getting him within its power". *State ex rel. Gildar v. Kriss*, 191 Md. 568, 575, 62 A.2d 568, 570 (1948), quoting *Strassheim v.*

**717**

*Daily*, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911). We believe that this case involves such an act.

It is true that when a person stabs a witness who is due to testify in a proceeding before the Circuit Court for Baltimore City, venue is proper in Baltimore City. But regardless of venue and its focus on convenience, we have no power to confer subject matter jurisdiction on the District of Columbia by ruling that it, not we, ought to insure the due administration of this State's criminal justice system. We hold that Maryland had jurisdiction to try, convict and punish the appellant.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.