617 P.2d 785

The STATE of Arizona, Appellee,

v.

Patrick Bruce CURRY, Appellant.

No. 2 CA–CR 1962.

Court of Appeals of Arizona,
Division 2.

July 30, 1980.

Rehearing Denied Sept. 5, 1980.

Review Denied Sept. 30, 1980.

Stephen D. Neely, Pima County Atty. by Christopher M. O'Connell, Tucson, for appellee.

Theodore Knuck, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of armed robbery with a dangerous instrument and was sentenced to seven years imprisonment.

Appellant's defense was insanity. There was evidence that appellant was intoxicated when he committed the crime and that he had a history of long–term use of alcohol. Dr. John LaWall was appointed by the court to conduct a psychiatric evaluation relative to appellant's mental state at the time of the crime. Dr. LaWall concluded in his report that appellant understood the nature, quality and consequences of his actions and knew the difference between right and wrong. Appellant's motion in limine to exclude the reason for Dr. LaWall's conclusion was denied. At trial, Dr. LaWall testified as follows:

"A. (By Dr. LaWall) It is my conclusion that he understands the nature and quality and consequences of his actions at the time of the alleged offense and that he did know the difference between right and wrong.

Q. And can you articulate to the jury the reasons that you hold that belief?

A. *The reason is that he said he did.*"
(Emphasis added)

Rule 11.7(b)(1), Arizona Rules of Criminal Procedure, 17 A.R.S., states:

> "No statement of the defendant obtained under these provisions, [during a court–ordered psychiatric evaluation], or evidence resulting therefrom, concerning the events which form the basis of the charges against him shall be admissible at the trial of guilt or innocence, or at any subsequent proceeding to determine guilt or innocence, without his consent."

The testimony of Dr. LaWall violates the foregoing rule, causing prejudicial and reversible error. See *State v. Evans*, 104 Ariz. 434, 454 P.2d 976 (1976).

■ Since a new trial must be granted, we will address several other issues which may arise on retrial. The first concerns the following instruction on insanity which was offered by appellant but refused by the trial court:

> "You must distinguish between an existing state of mental illness and a temporary state of mental illness caused by the voluntary use of alcohol or drugs (including marijuana).
>
> If the state of mental illness, already existed at the time of the alleged offense, then the defense of insanity is available even though it may have been brought about by excessive or prolonged use of alcohol or drugs.
>
> If the state of mental illness at the time of the alleged offense was a temporary episode of mental incapacity caused by the voluntary use of alcohol or drugs, then the defense of insanity is not available. Evidence of intoxication, however, may be considered in determining whether the defendant had the specific intent to commit the crime with which he is charged."

The trial court gave an instruction concerning the effect of intoxication on the requisite intent for armed robbery and subsequently instructed the jury on the issue of insanity caused by alcohol or drugs:

> "The defense of insanity is not available to the defendant who has a temporary episode of mental incapacity so as to be unable to know right from wrong or to not know the nature and quality of his acts caused by his voluntary use of alcohol and/or drugs. Additionally, the defense of insanity is not available to a defendant who has a temporary episode of mental incapacity so as to be unable to know right from wrong or to not know the nature and consequences of his acts caused by the voluntary use of alcohol and/or drugs combined with a pre–existing mental condition."

Appellant contends the trial court erred in refusing his insanity instruction and in giving those offered by the state.

Although appellant's instruction is identical to language found in *State v. Cooper*, 111 Ariz. 332, 529 P.2d 231 (1974), this does not automatically establish its suitability as an instruction. Appellant's instruction is objected to on the basis of its use of the phrase "mental illness". While an attorney reading *State v. Cooper*, supra, would appreciate that the term mental illness as used in that case, pertains to a mental disease or defect rendering the person insane under the M'Naghten test, appellant's instruction does not establish that point. The rule enunciated in *Cooper* is best articulated in *Parker v. State*, 7 Md.App. 167, 254 A.2d 381 (1969). The *Parker* court opined that where a person drinks intoxicating liquor and is sane both prior to drinking and after the influences of the intoxicant have worn off, but is insane by the applicable test while under its influence, he is not excused from the responsibility of the criminal act because his insanity is only temporary. However, if he is insane regardless of whether he is directly under the influence of an intoxicant, even when the insanity was caused by voluntary drinking, he is not responsible for the criminal act.[1] While the state's instruction given by the court is correct as far as it concerns tempo-

---

1. Generally on the issue of intoxication and the insanity defense see Annot. 8 A.L.R.3d 1236 at 1265–68.

rary insanity, it is incomplete in that it fails to inform the jury of the legal effect of permanent insanity produced by the use of intoxicants.

Appellant contends that the trial court erred in denying the motion to suppress his confession. He refers us to the testimony of certain psychiatrists. We note that these doctors did not testify at the motion to suppress and therefore the trial court did not err in refusing to consider their testimony. The only person who testified at the motion to suppress was the detective who took the confession. He testified that although appellant appeared intoxicated, he understood what he was doing, carried on a conversation and appropriately responded to questions. Proof that the accused was intoxicated at the time he confessed his guilt will not, without more, prevent the admissibility of his confession. However, if it is shown that the accused was intoxicated to such an extent that he was unable to understand the meaning of his statements, then the confession is inadmissible. *State v. Clark*, 110 Ariz. 242, 517 P.2d 1238 (1974). Based upon the record, we cannot say that the trial court erred in denying the motion to suppress.[2]

Reversed and remanded for a new trial.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

2. See *State v. Porter*, 122 Ariz. 453, 595 P.2d 998 (1979) on the effect of mental illness on the voluntariness of a confession.