STATE OF HAWAII, Plaintiff-Appellee, *v.* BARBARA CARSON, also known as Barbara Marie Carson, Kathleen Elizabeth Zurenda, Kathleen M. Dubcek and Barbara M. Fields, Defendant-Appellant

NO. 7325

SEPTEMBER 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

The appellant was convicted of manslaughter after a jury trial. Her defense at trial was one of justification, i.e., self-

defense. An instruction was given at the request of appellant's counsel that the burden of proof was on the appellant to prove self-defense by a preponderance of the evidence. Because of the giving of that instruction, we reverse.

The appellant stabbed to death the decedent in her apartment on December 17, 1977. The body had numerous cuts and stab wounds at least one of which was of a fatal nature. On the other hand, after the incident, the appellant had numerous bruises, contusions and cuts on or about various parts of her body. Aside from appellant, there were no eyewitnesses to the incident. On trial, she claimed that the decedent got into her apartment on a pretext, seized her and attempted to rape her, that she fought back and during the struggle, stabbed him repeatedly in self-defense. At trial, after some colloquy between appellant's counsel and the court, the court, at counsel's request, gave the following instruction:

> A defense is a fact or set of facts which negatives penal liability. No defense may be considered by you unless evidence of the specified fact or facts has been presented. If such evidence is presented, then the defendant is entitled to an acquittal if you find that the evidence, when considered in the light of any contrary prosecution evidence, raises a reasonable doubt as to the defendant's guilt. You are further instructed that defendant needs to prove such defense by a preponderance of the evidence the specified fact or facts which negative penal liability. To "prove by a preponderance of the evidence" means to prove that something is more likely so than not so. It means prove by evidence which in your opinion convinces you that something is more probably true than not true. To "prove by a preponderance of the evidence" does not mean that a greater number of witnesses or a greater number of exhibits must be produced. As I have previously said, you must consider all the evidence no matter by whom produced. And if you find that on the basis of such evidence a particular claim or fact is more likely true than not true, then such fact or claim has been proven by a preponderance of the evidence.

The trial was held in January of 1979, less than a month following the decision of the Supreme Court of this State in *State v. McNulty,* 60 Haw. 259, 581 P.2d 310 (1978) which pointed out in plain words that under the *Hawaii Penal Code,* the burden was on the State to prove the absence of self-defense. It may be that appellant's counsel and the court were unaware of the *McNulty* decision but they should have been aware of the provisions of the *Hawaii Penal Code,* HRS § 701-115. As for the prosecution, the Prosecutor's office had been counsel in the *McNulty* case and therefore should have called that case to the court's attention at the time of settling the instructions.

Appellant urges that the action of her counsel in offering an instruction which shifted to her the burden of proof on the issue of self-defense establishes that she lacked effective counsel at the trial under the decision of the Hawaii Supreme Court in *State v. Antone,* 62 Haw. 346, 615 P.2d 101 (1980). We need not go so far in this case. Although errors in instructions to which no objection was made at trial will not normally be considered on appeal, they will be considered where it is shown that substantial rights of the defendant have been affected. *State v. Onishi,* 59 Haw. 384, 581 P.2d 763 (1978). Rule 52(b) the *Hawaii Rules of Penal Procedure* (HRPP) states:

> Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

That rule has been applied by the Supreme Court of this State in the case of *State v. Ruiz,* 49 Haw. 504, 421 P.2d 305 (1966). Here the error was plain and it was prejudicial. Substantial rights of the appellant were affected and we accordingly, reverse and remand for a new trial.

*R. Michael Burke* for defendant-appellant.
*Lee T. Nakamura* for plaintiff-appellee.