STATE OF HAWAII, Plaintiff-Appellee, *v.* TAMARA SUE KREPS, Defendant-Appellant

NO. 8350

(CRIMINAL NO. 55074)

MARCH 18, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant Tamara Sue Kreps (Kreps) appeals from her conviction of Negligent Homicide in the First Degree, Hawaii Revised Statutes (HRS) § 707-703(1) (1976). Kreps raises the following issues on appeal: (1) the trial court erred in denying her Motion for Judgment of Acquittal as to the charge of Negligent Homicide in the First Degree; and (2) the trial court erred in denying her motion to suppress her pre-trial inculpatory statements. We find no error and affirm.

On July 20, 1980, between 5:30 a.m. and 6:00 a.m., Kreps was driving an automobile in a Diamond Head (easterly) direction on Kuhio Avenue when she struck and killed a pedestrian, Audrey Norris. Kreps had spent the previous evening at a nightclub with her roommate, but was driving back to her apartment alone. As she entered Kuhio Avenue from Kalakaua Avenue, she saw a pedestrian crossing the street. Kreps "downshifted" from third to second gear but did not brake, thinking that she had passed the pedestrian. The next thing Kreps saw was something crashing into the windshield. She stopped and saw a person lying in the street behind the car. She then reversed the car to where the body was lying.

Police arrested Kreps at the scene of the accident for driving without a license. She was taken to the Honolulu Police Station where, at 7:30 a.m., a breathalyzer test was administered which indicated Kreps' blood alcohol level at 0.12 percent.

Kreps was in the process of being discharged when Officer Larry Walter (Walter) introduced himself, indicated that he wished to talk about the accident and asked her to accompany him to his office. At his office, Walter produced a form, HPD Form 81, bearing the constitutional rights warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Kreps was given a copy to read as Walter read it aloud to her. She indicated on the form that she did not want an attorney, that she understood what she had been told, and that she wished to talk to Walter about the accident. She then proceeded to give Walter her account of the events leading to the incident.

Walter testified that although Kreps appeared emotionally upset throughout the interview and cried from time to time, she did not appear to be intoxicated, appeared "in control," and responded to all of his questions.

On December 23, 1980, the Oahu Grand Jury indicted Kreps for the offenses of Negligent Homicide in the First Degree, HRS § 707-703 (1976), and Driving Without a License, HRS § 286-102 (1976, as amended). On March 2, 1981, Kreps filed a motion to suppress her statements along with a motion to dismiss the grand jury indictment. Both motions were denied in an order filed on April 21, 1981.

A jury trial was commenced on May 19, 1981. At the close of the State's case, Kreps moved for a judgment of acquittal as to both counts. The court orally denied the motion.

After a recess for lunch, the State made a motion to reopen the case. Upon the motion being granted, the State presented evidence that Audrey Norris died as a result of the accident.

At the close of the State's evidence, the court again denied Kreps' motion for judgment of acquittal. Kreps presented evidence and, at the end of trial, made a third motion for judgment of acquittal, which was also denied.

On May 22, 1981, the jury found Kreps guilty as charged on both counts. On May 28, 1981, Kreps filed a motion for judgment of acquittal. After hearing, the court granted the motion as to the license count but denied it as to the negligent homicide count.

On July 27, 1981, the court sentenced Kreps to five years probation. This timely appeal followed.

## I.

Kreps contends that the trial court erred in denying her motion for judgment of acquittal after the State had originally rested. She argues that at that time, the State had failed to present a prima facie case because it did not prove that Audrey Norris had died as the result of the accident. Since it was necessary for the court to allow the State to reopen its case in order to introduce evidence of the cause of death, the motion for judgment of acquittal should have been granted. Kreps does not raise as error the trial court's granting of the State's motion to reopen.

We note first that this court has adopted the majority rule that a defendant who presents evidence after a denial of his or her motion for judgment of acquittal at the close of the State's case thereby waives any error in that ruling by the trial court. *State v. Emmsley,* 3 Haw. App. 459, 652 P.2d 1148, *cert. denied,* ___ Haw. ___ (December 10 and 21, 1982); *State v. Halemanu,* 3 Haw. App. 300, 650 P.2d 587, *cert. denied,* ___ Haw. ___ (October 7, 1982). On appeal, the court will review the sufficiency of all the evidence presented. *State v. Simpson,* 64 Haw. 636, 641 P.2d 320 (1982). When Kreps presented her evidence, she waived any error in the denial of her first motion for judgment of acquittal.[1] An examination of the entire record

---

[1] Kreps did not raise in her motion the failure of the State to prove the cause of death. Kreps specifically argued as the basis for her motion that the State had failed to prove beyond a reasonable doubt that defendant's actions were negligent and that she possessed the state of mind requisite to penal liability for her actions. An appellate court will not consider matters which have not been raised before the trial court except where the defendant's substantial rights may have been affected because of plain error. *Eli v. State,* 63 Haw. 474, 630 P.2d 113 (1981); *State v. Sartain,* 62 Haw. 650, 618 P.2d 1144 (1980); *State v. Vaitogi,* 59 Haw. 592, 585 P.2d 1259 (1978); *State v. Corpuz,* 3 Haw. App. 206, 646 P.2d 976 (1982); *State v. Carson,* 1 Haw. App. 214, 617 P.2d 573 (1980).

Additionally, some authorities hold that the grounds for a motion for judgment of acquittal need not be stated with specificity unless so requested. 8A Moore's Federal Practice ¶ 29.03[1] (2d ed. 1982); 2 Wright & Miller, Federal Practice & Procedure: *Criminal* § 466 (1982). However, once the defendant has chosen to specify the grounds upon which he intends to base his motion for judgment of acquittal, he may not later contend that there were other areas upon which his motion for judgment of acquittal

clearly indicates sufficient evidence introduced by the State to enable a reasonable mind to fairly conclude guilt beyond a reasonable doubt. *State v. Brighter,* 62 Haw. 25, 608 P.2d 855 (1980); *State v. Broad,* 61 Haw. 187, 600 P.2d 1379 (1979); *State v. Rocker,* 52 Haw. 336, 475 P.2d 684 (1970); *State v. Manipon,* 2 Haw. App. 492, 634 P.2d 598 (1981); *State v. Faulkner,* 1 Haw. App. 651, 624 P.2d 940 (1981).

## II.

Kreps also asserts that the trial court erred in denying her motion to suppress her statements. She contends that there was no knowing and intelligent waiver of her rights and her statement was not voluntary because at the time of the interrogation, she was emotionally upset, confused, frightened and "somewhat inebriated."

A defendant's statement may not be received in evidence until the prosecutor has shown that the defendant was warned of his rights pursuant to *Miranda v. Arizona, supra. See also State v. Santiago,* 53 Haw. 254, 492 P.2d 657 (1971); *State v. Kalani,* 3 Haw. App. 334, 649 P.2d 1188 (1982). The burden rests on the government to demonstrate that in making any statement, the defendant had knowingly and intelligently waived his privilege against self-incrimination. *State v. Green,* 51 Haw. 260, 457 P.2d 505 (1969); *State v. Kalani, supra.* Evidence that a defendant has read and signed the HPD Form 81, "Warning Persons Being Interrogated Of Their Constitutional Rights", could be sufficient to indicate a valid waiver.

---

would lie. *See United States v. Price,* 447 F.2d 23 (2d Cir.), *cert. denied,* 404 U.S. 912, 92 S.Ct. 232, 30 L.Ed.2d 186 (1971); *United States v. Rivera,* 388 F.2d 545 (2d Cir.), *cert. denied,* 392 U.S. 937, 88 S.Ct. 2308, 20 L.Ed.2d 1396 (1968); *Gilbert v. United States,* 359 F.2d 285 (9th Cir.), *cert. denied,* 385 U.S. 882, 87 S.Ct. 169, 17 L.Ed.2d 109 (1966). *Compare United States v. Jones,* 174 F.2d 746 (7th Cir. 1949). (Court held that on a general motion for judgment of acquittal, the responsibility lies with the government to require the defendant to be specific in his objection and the failure to do so will bar the government on appeal from contending that the question was not raised below.) Kreps' election to specify the particular ground for her motion for judgment of acquittal would therefore bar her from raising, on appeal, any other bases from which her motion could have been granted.

However, the court must consider whether the words used, considering the age, background, and intelligence of the individual being interrogated, impart a clear, understandable warning of all of his rights. *State v. Liuafi,* 1 Haw. App. 625, 623 P.2d 1271 (1981). *See also State v. Maluia,* 56 Haw. 428, 539 P.2d 1200 (1975); *State v. Green, supra.*

In addition to the necessary waiver the court must also find that such a statement was voluntarily made. *State v. Pahio,* 58 Haw. 323, 568 P.2d 1200 (1977); *State v. Green, supra; State v. Kalani, supra; State v. Liuafi, supra.* In doing so, the trial court must weigh the evidence and the credibility of the witnesses. *State v. Green, supra.* Where the evidence is conflicting, the findings of the trial court, if supported by more than a mere scintilla of evidence, are conclusive on the question of admissibility. *State v. Foster,* 44 Haw. 403, 354 P.2d 960 (1960). *See also State v. Pahio, supra; State v. Kalani, supra.* The reviewing court may not disturb the findings of admissibility unless the defendant demonstrates that there has been a clear abuse of discretion by the trial judge in determining admissibility. *State v. Green, supra;*[2] *State v. Kalani, supra; State v. Liuafi, supra.*

The general rule is that, in the absence of insanity or mental depletion, neither the voluntary character nor the admissibility of a confession is affected by the mental instability of the person making it. *State v. Foster, supra.*

---

[2] Concerning *State v. Green, supra,* we stated in *State v. Kalani,* 3 Haw. App. 334, 649 P.2d 1188 (1982), as follows:

Although we are bound by the holding in *Green,* as followed in *Maluia* and *Liuafi,* we are constrained to point out that Justice Levinson's statement in *Green,* that the standard of review is "abuse of discretion," is really too broad, although it is possible to read *Green* to mean that the discretion of the trial judge is limited to the determination of credibility. We recently held in *State v. Tuua,* 3 Haw. App. [287], 649 P.2d 1188 (1982)[,] that the standard of review involving the admission of out-of-court identification in criminal cases is the clearly erroneous rule, citing *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1977). We think the same rule should apply to appellate review of the trial court's admission of confessions. *Cf. United States v. Benedict,* 647 F.2d 928 (9th Cir. 1980); *United States v. Dufur,* 648 F.2d 512 (9th Cir. 1980); *United States v. Gorel,* 622 F.2d 100 (5th Cir. 1980); *United States v. Schmidt,* 573 F.2d 1057 (9th Cir. 1978). Were we to apply the clearly erroneous rule in the case at bar, the result would be the same.

*Id.* at 343, 649 P.2d at 1195 n.5.

That condition is one for the consideration of the jury in determining the weight or effect to be given to the confession or statement.... "Evidence tending to establish that a confessor was ill or in a hysterical condition, and therefore not in full possession of his faculties at the time he confessed his guilt, does not affect the admissibility of the confession, but bears on the weight and effect to be given the confession. * * * " [Citations omitted.]

*Id.* at 417, 354 P.2d at 968.

Furthermore, evidence that a defendant was intoxicated at the time he confessed or made an inculpatory statement will not, without more, prevent the admissibility of the confession or statement. *State v. Curry,* 127 Ariz. 1, 617 P.2d 785 (Ariz. App. 1980); *State v. Baker,* 4 Kan. App. 2d 340, 606 P.2d 120 (1980); *Tucker v. State,* 92 Nev. 486, 553 P.2d 951 (1976); *State v. Smith,* 4 Or. App. 130, 476 P.2d 802 (1970). However, where it is shown that the defendant was so intoxicated that he was unable to understand the meaning of his statement or that the statement was not the product of a rational intellect and free will, then the confession will be deemed inadmissible. *State v. Curry, supra; Tucker v. State, supra; State v. Smith, supra.*

In the instant case, there is conflicting testimony regarding Kreps' emotional and physical condition at the time of the inculpatory statement. The trial court, after weighing the evidence and the credibility of the witnesses, determined that the statements were admissible. There is ample evidence to support the court's ruling. As we have previously noted, Walter testified that although Kreps was a bit disheveled, she had no problems walking or standing nor did he detect any alcohol on her breath prior to and during the interview. He further testified that although she appeared emotionally upset and had cried from time to time, Kreps did not have any trouble speaking, appeared "in control" and responded to all of his questions. The fact that Kreps was upset, confused, frightened and possibly inebriated would not *per se* require the court to find that she had not made a knowing and intelligent waiver or that her statements were not made voluntarily. *State v. Foster, supra; State v. Curry, supra; State v. Baker, supra; State v. Smith, supra.* Defendant has failed to demonstrate any abuse of discretion by the trial court in the denial of her motion and

we find no error.

Affirmed.

*Christopher S. Bouslog,* Deputy Public Defender, on the opening brief and *Karl K. Sakamoto,* Deputy Public Defender, on the reply brief for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, City & County of Honolulu, on the brief for plaintiff-appellee.