NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14–4412
_____

UNITED STATES OF AMERICA

v.

WALTER HILL,

Appellant
_____

On Appeal from the
District Court of the Virgin Islands
(D.C. No. 3-13-cr-00022-008)
District Judge: Honorable Curtis V. Gomez
_____

Argued December 13, 2016
Before: CHAGARES, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed: April 5, 2017)

Brandi L. McLaughlin **[ARGUED]**
320 North 18th Street
Philadelphia, PA 19103

*Counsel for Appellant*

Kim L. Chisholm **[ARGUED]**
Office of United States Attorney
5500 Veterans Building, Suite 260
United States Courthouse
St. Thomas, VI 00802

*Counsel for Appellee*

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

Walter Hill appeals his drug conspiracy convictions. Because all five of his challenges fail under the relevant standards of review, we will affirm.

I

Hill and eight others were named in a 69-count indictment for various offenses connected to drug conspiracies directed by Roberto Tapia, the former Director of Environment Enforcement for the Department of Planning and Natural Resources (DPNR) in the Virgin Islands. All defendants pleaded guilty except for Hill and Raymond Brown, who were tried simultaneously before different juries for separate conspiracies related to Tapia. Tapia cooperated with the Government and testified against Hill.

According to Tapia, he and Hill completed a seven-kilogram cocaine deal on May 17, 2013. Immediately thereafter, Hill drove Tapia to Angelo Hill (hereinafter, Angelo), who transported Tapia to the ferry where he was eventually arrested. Angelo testified that he had discussed the plan for the drug transaction with Hill on the phone earlier that day. Five months later, Angelo surreptitiously recorded a conversation with Hill involving the crime, which resulted in Hill's indictment.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hill was charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and use of a communication facility to facilitate a drug crime. The jury convicted Hill on all three counts and the District Court sentenced him to 240 months' imprisonment.

## II[1]

Hill raises five points on appeal: (1) his dual trial with Brown was improper; (2) the limits placed on his cross-examination of Tapia violated the Confrontation Clause; (3) there was insufficient evidence to convict him on Count 42; (4) Chief Judge Gomez should have recused; and (5) the procedure leading to his sentence under Counts 37 and 38 was improper. We find none of these arguments persuasive.

## A

Hill's first argument—that the District Court committed plain error by trying Hill and Brown simultaneously before separate juries—is precluded by our opinion in *United States v. Raymond Brown*, 849 F.3d 87 (3d Cir. 2017).

## B

Hill next claims the District Court violated his Sixth Amendment right to confront witnesses against him when it limited some of his counsel's cross-examination of Tapia.

---

[1] The District Court had jurisdiction over these federal criminal cases under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review this issue for an abuse of discretion. *United States v. Werme*, 939 F.2d 108, 117 (3d Cir. 1991).

Hill is correct that the denial of any opportunity to cross-examine a witness about "plea agreements or promises of leniency" in exchange for testimony on behalf of the Government may be unconstitutional. *See United States v. Pelullo*, 964 F.2d 193, 218 (3d Cir. 1992). Defendants must be allowed to explore Government enticements and other motivations for testimony from Government witnesses. But Hill was not denied such an opportunity in this case.

Hill claims the District Court "barred or severely restricted inquiry" into Tapia's plea agreement. Hill Br. 14. Yet the pages of the trial transcript upon which he relies provide no such evidence. *See* App. 102–05. In fact, the trial judge told Hill's counsel at sidebar that it's "perfectly fine to impeach the witness on a theory that he might be singing for his supper," while merely warning counsel not to "create subtrials" on completely unrelated issues. App. 103.

Hill also insists that the Court (improperly) "sua sponte stopped cross examination" of Tapia "regarding his participation in a task force of VIPD which had been disbanded due to corruption." Hill Br. 14. When Hill's counsel asked Tapia whether this task force dissolved due to corruption, the trial judge stated: "Let's move on." App. 101. Hill's counsel then moved off that line of cross-examination with no objection. The Court later explained: "I don't want to dig down in why . . . [the] narcotics strike force was disbanded for whatever reason," because that issue would distract the jury. App. 105.

4

The Court's decision to preclude exploration of Tapia's involvement in a disbanded task force unrelated to his testimony did not impair Hill's right to inquire into Tapia's bias as an interested witness. In fact, Tapia had testified that he had a "cooperation agreement" with the Government to get a "better understanding with my sentencing." Hill Supp. App. 153. While more discussion of the corrupt task force may have shed additional light on Tapia's bad character, the Court did nothing to preclude Hill's counsel from emphasizing Tapia's potential bias in this case.

The "Confrontation Clause does not grant unfettered rights to cross-examine witnesses." *United States v. Friedman*, 658 F.3d 342, 356 (3d Cir. 2011). Rather, "[d]istrict courts have discretion to 'impose reasonable limits on such cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant.'" *Id.* (ellipsis in original) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). Hill provides no evidence that the Court abused its discretion or that he was precluded from demonstrating Tapia's lack of trustworthiness.

C

Hill also challenges the sufficiency of evidence to convict him of Count 42, which alleged that "[o]n or about May 5, 2013," he "used a communication facility" to commit a drug crime. App. 22. But Hill forfeited this argument by not raising it in the District Court. We have held that to preserve claims for appeal, defendants must raise specific arguments—not mere issues—in the District Court. *See United States v. Joseph*, 730 F.3d 336, 341–42 (3d Cir. 2013). Hill made a Rule 29 motion below, *see* App. 120, but he did

not argue in that motion that no evidence was presented to prove Count 42. Rather, Hill

argued only that it was prejudicial for the Government to show a long list of phone

calls—only five or six of which were to his phone—without clearly noting that the rest of

the calls didn't involve him. App. 121–22; *see also* App. 120 (additional bare-bones

sufficiency argument with respect to the separate conspiracy count). On appeal, by

contrast, Hill argues that the Government failed to introduce "evidence of any phone call

to or from Walter Hill's cell phone on May 5, 2013 or on any other date [] that would

substantiate Count 42." Hill Br. 23. Because this is a different argument—it depends on a

different legal rule (sufficiency rather than prejudice) and different facts, *Joseph*, 730

F.3d at 342—it was waived.[2]

Even if we were to evaluate the sufficiency claim on appeal, our review would be

"highly deferential;" we must be careful not to "substitut[e our] judgment for that of the

jury." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc)

(citation omitted). We ask only whether "*any* rational trier of fact could have found the

---

[2] Our dissenting colleague responds that some courts have found broadly stated motions for acquittal are "sufficient to preserve the full range of challenges . . . to the sufficiency of the evidence." DIS. typescript at 2 n.1 (quoting *United States v. Hammoude*, 51 F.3d 288, 291 (D.C. Cir. 1995)). But some of those courts have also assumed that if a defendant chooses to specify the grounds for his Rule 29 motion, his appeal is limited to those specific arguments. *See, e.g.*, *Hammoude*, 51 F.3d at 291 (noting that "Hammoude's second motion for acquittal was broadly stated, *without specific grounds*" (emphasis added)); *United States v. Rivera*, 388 F.2d 545, 548 (2d Cir. 1968) ("[W]here as here a motion for acquittal is made on specified grounds which do not include [the objection on appeal], we think that objection has been waived."); *State v. Kreps*, 661 P.2d 711, 714 n.1 (Haw. Ct. App. 1983) (same) (listing cases from Second, Ninth, and Seventh Circuits); 2A Fed. Prac. & Proc. Crim. § 466 n.2 (4th ed. 2016). Because this rule comports best with our *Joseph* precedent, we will follow it.

essential elements of the crime beyond a reasonable doubt," viewing the evidence in the light most favorable to the Government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted).

The indictment alleged criminal conduct with respect to a call on or about May 5, 2013, and specifically referenced a call made at 17:01 on that day. Hill claims that "at trial the District Court did not allow into evidence any document to substantiate that allegation," and the Government didn't put forward "any live witness to testify to the existence of that call on that date." Hill Br. 20. Hill is technically correct. The District Court never admitted evidence of a phone call on May 5, 2013.

Hill is mistaken, however, when he suggests that no evidence of such a phone call "on any other date" existed, *see* Hill Br. 23. In fact, Angelo testified that he "made a phone call to" Hill on May 17, telling "him what Tapia requested [(a drug deal for seven kilos of cocaine)] and he agreed to meet with him." Hill Supp. App. 512. Hill not only oversaw that cocaine deal, he also spoke on the phone with Angelo again later that day about Tapia's arrest soon after the transaction. Hill Supp. App. 518. Hill also paid Angelo $3,500 for "assisting in the transaction." *Id.* This testimony was sufficient evidence to establish that Hill used a phone to commit, cause, or facilitate the commission of a drug felony—as required by the crime alleged in Count 42.[3]

---

[3] At oral argument, the question was raised as to whether a variance might exist between the crime alleged and the crime proved insofar as the indictment referenced a call on May 5, while the testimony referenced a call on May 17. As counsel for Hill conceded at oral argument, however, this issue was neither raised in the District Court

7

nor even mentioned in Hill's Brief. As such, this issue was forfeited. *See United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012).

Our dissenting colleague asserts that raising a sufficiency of the evidence argument at the District Court is enough to preserve a variance claim for our review. We disagree. "Our jurisprudence distinguishes between challenges to the sufficiency of the evidence, in which the appellant claims that the government failed to prove an essential element of [the crime], and variance claims, in which the appellant argues that the government proved [a different crime than] the one charged in the indictment." *United States v. Kemp*, 500 F.3d 257, 287 n.18 (3d Cir. 2007). Nowhere below or in his brief to us did Hill acknowledge the Government's proof of the May 17 call and argue it was a different crime than the one alleged. Instead, he argued there was no evidence admitted of a call violating the elements of Count 42. Hill Br. 18–23. And the cases and treatise cited by our dissenting colleague, DIS. typescript at 2–3, appear only to allow a defendant to raise a variance claim in a Rule 29 motion, not to require us to infer one in this case.

Even if we were to consider the merits of a variance claim, it would fail because Hill has demonstrated no prejudice in this case. We have held that the Government is not required to prove exact dates when it charges that a crime occurred "on or about" a certain date. *Real v. Shannon*, 600 F.3d 302, 308 (3d Cir. 2010). There is no prejudice to the defendant, as required by *United States v. Somers*, 496 F.2d 723, 744 (3d Cir. 1974), where "proof at trial was within weeks of the specific 'on or about' date charged," *Real*, 600 F.3d at 309 (citation omitted). "By the use of the qualifying phrase 'on or about', the grand jury indicates its unwillingness to pinpoint the date of the offense charged." *Somers*, 496 F.2d at 745. Our dissenting colleague's assertion that the inclusion of a specific date and time necessarily vitiates the phrase "on or about" cuts against our precedent and would "particularize by a per se rule what the grand jury" intended to leave open ended. *Id.* If the call proved by the Government were twelve hours different than the time listed, would that still involve a variance? What about a clerical error leading to one day's difference? One week? We can find no reason in our precedent to conclude an indictment issued for a crime "on or about" a time and day cannot reach the same crime with the same elements committed 12 days after the date listed.

Indeed, we found no prejudice when an indictment alleged activity "between on or about January 1, 1970 and July 31, 1970," but only proved such activity in "early [] 1969." *Id.* at 743. This substantial date change was treated as a variance, not a constructive amendment as our dissenting colleague suggests we should evaluate our 12-day change. DIS. typescript at 4–5. Because Hill has shown no evidence that he was "surprised by the proof adduced" at trial and "was unable to prepare his defense adequately," any variance claim would fail. *Somers*, 496 F.2d at 746.

We next consider Hill's argument that Chief Judge Gomez should have recused himself from the case *sua sponte*. We review this claim, which Hill admittedly raised for the first time on appeal, for plain error.

Hill first contends that it was inappropriate for Chief Judge Gomez to rule on a motion to suppress evidence under the Fourth and Fifth Amendments after he authorized the recording in question. Hill provides no legal authority for this proposition and we are unaware of any.

He also argues that Chief Judge Gomez should have recused himself from the case to avoid the "appearance of impartiality [sic]." Hill Br. 28. Hill claims that Chief Judge Gomez has known one of the Government's key witnesses—Angelo Hill—"since they were in high school together," and because the judge was a federal prosecutor while Angelo "worked in law enforcement." *Id.* These arguments fall well short of fulfilling Hill's burden under any standard of review because the record is devoid of any evidence to support Hill's factual allegations in this regard.

E

Finally, Hill argues that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), invalidates his sentences under Counts 37 and 38. That case held that any fact that increases the mandatory minimum sentence for a crime must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2160–64. Although the jury did find the weight of the drugs exceeded 5 kilograms, it did not decide whether Hill actually had a prior drug conviction, which also contributed to Hill's minimum sentence. This objection was

not raised at sentencing, so we review this claim for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002).

There was no error at Hill's sentencing. First, Hill admitted in his memorandum that he had a prior felony drug conviction. *See* Hill Supp. App. 736 ("Due to a prior conviction for Distribution of Cocaine, from twenty years ago, the mandatory minimum sentence is enhanced . . . ."). Second, and more importantly, Hill is wrong on the law; courts need not submit prior convictions to the jury under *Alleyne* even if those convictions increase the mandatory minimum. The Supreme Court in *Almendarez-Torres v. United States* recognized an exception to the general rule of submitting facts affecting sentencing to the jury—and that exception was for "the fact of a prior conviction." *Alleyne*, 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres*, 523 U.S. 224 (1998)). Prior convictions may be treated as sentencing factors, not as elements of the offense, even after *Alleyne*. *See id.* Accordingly, Hill's *Alleyne* challenge fails.

III

For the reasons stated, we will affirm.

10

JORDAN, *Circuit Judge*, dissenting in part.

I join my colleagues' well-reasoned opinion in all but one important respect.  By all accounts, no evidence was presented at trial of the specific offense set forth in Count 42 of the indictment, so I must dissent as to Part II.C. of the Majority Opinion.

Count 42 states in its entirety:

> On or about May 5, 2013, in the District of the United States Virgin Islands and elsewhere, Defendant, **WALTER HILL**, knowingly and intentionally used a communication facility in committing, causing, and facilitating the commission of an act and acts constituting a drug trafficking felony under Federal law; namely, WALTER HILL used a telephone in order to cause and facilitate a conspiracy to possess with intent to distribute cocaine, and to possess with intent to distribute cocaine; and aided and abetted the same; as follows:

> | <u>COUNT</u> | <u>DATE</u> | <u>TIME</u> | <u>CALL NUMBER</u> |
> |---|---|---|---|
> | Forty-Two | May 5, 2013 | 17:01 | 5463 |

> All in violation of Title 21, United States Code, Sections 843(b) and (d)(1), and Title 18, United States Code, Section 2.

(App. at 22-23.)

The record contains nothing to show that Hill used a phone on May 5th, let alone that he used one at 5:01p.m. on that day and did so to facilitate a drug trafficking felony.  The only evidence of Hill using a telephone to further such a crime was a call that, according to an informant's testimony, occurred almost two weeks later, on May 17th.  I view that wide disparity between the charge and the evidence as a variance amounting to a constructive amendment of the indictment, which thus warrants vacatur of the conviction on Count 42.  To affirm the conviction based on evidence of a phone call that

1

occurred twelve days after the date charged in the indictment, my colleagues read Hill's legal arguments too narrowly and our past precedent too broadly.

First, as to Hill's legal arguments, the Majority does not credit Hill with having preserved his claim concerning the government's failure of proof. My colleagues say that the issue of an impermissible variance was never raised in the District Court or in Hill's Opening Brief on appeal. But Hill did raise a sufficiency-of-the-evidence challenge, both in the District Court and before us. (*See* Supp. App. 611 ("I also am going to make a Rule 29 motion that the government has not proven its case against my client, Mr. Walter Hill.");[1] Opening Br. at 18-23 (arguing the evidence was insufficient on Count 42 because there was no proof of any phone call made by Hill on the date charged in the

_____

[1] Federal Rule of Criminal Procedure 29 permits a defendant to "move for a judgment of acquittal" without stating specific grounds for that motion. As a result, the general consensus is that a broadly stated motion for acquittal is "sufficient to preserve the full range of challenges, whether stated or unstated, to the sufficiency of the evidence." *United States v. Hammoude*, 51 F.3d 288, 291 (D.C. Cir. 1995); *see also United States v. Marston*, 694 F.3d 131, 134 (1st Cir. 2012) (recognizing that Rule 29 permits general objections, which preserve the "full range of challenges" on appeal); *United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir. 1983) ("the defendant need not specify the ground of the motion in order to preserve a sufficiency claim for appeal") (citations omitted); *United States v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979) (stating that a Rule 29 motion need not specify the grounds for acquittal in order for the issue of the sufficiency of the evidence to be properly before the appellate court).
The Majority views Hill's motion as one based specifically on prejudicial evidence and therefore concludes that any basis other than prejudicial evidence is foreclosed. While it is true that, after making a general motion for acquittal, Hill's counsel raised the issue of prejudicial evidence, prejudicial evidence cannot form the basis for a motion for judgment of acquittal – only a claim that evidence is insufficient (including because it hopelessly varied) can form the basis for such a motion. 7 Charles Alan Wright and Peter J. Henning, Fed. Prac. & Proc. Crim. § 466 (4th ed. 2016). The argument about prejudice must thus be seen as additional to, not instead of, the sufficiency-of-the-evidence claim inherent in a Rule 29 motion. The language of the motion itself was general and that was sufficient to preserve further claims on appeal, regardless of the evidentiary argument that followed.

2

indictment).) That kind of challenge encompasses the argument that the evidence was insufficient because it varied materially from the charge set forth in the indictment. *See United States v. Miller*, 527 F.3d 54, 69-70 (3d Cir. 2008) (reviewing a sufficiency of the evidence challenge to determine whether there was an impermissible variance); *United States v. Lee*, 359 F.3d 194, 207 (3d Cir. 2004) (same). As a well-known treatise puts it, a motion for judgment of acquittal based on the argument that "the evidence is insufficient to sustain a conviction" includes a claim that there has been "a hopeless variance in the proof." 7 Charles Alan Wright and Peter J. Henning, Fed. Prac. & Proc. Crim. § 466 (4th ed. 2016) (internal citations and footnotes omitted). I therefore cannot agree that the issue was forfeited.

Because Hill adequately preserved his objection to the discrepancy between charge and proof, we should give plenary review to his claim of error, *see United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010) ("We exercise plenary review over properly preserved claims of constructive amendment or variance.") (citation omitted), and should thus be prepared to vacate the conviction on Count 42, if he has shown that there is a constructive amendment.[2] *See United States v. Daraio*, 445 F.3d 253, 262 (3d Cir. 2006) (applying harmless error review to constructive amendments).

Turning to the merits of the issue, when the evidence at trial differs materially from the facts alleged in the indictment, the discrepancy is called a variance. *United*

---

[2] Even if Hill had not preserved his claim of error, a variance amounting to a constructive amendment would still be "presumptively prejudicial under plain error review[,]" *United States v. Daraio*, 445 F3d 253, 262 (3d Cir. 2006), and the government has done nothing to rebut that presumption.

*States v. Beeler*, 587 F.2d 340, 342 (6th Cir. 1978). Ordinarily, "a variance can result in a reversible error only if it is likely to have surprised or otherwise has prejudiced the defense." *Daraio*, 445 F.3d at 262 (citing *United States v. Schurr*, 775 F.2d 549, 553-54 (3d Cir. 1985)). There is a point, however, at which a variance becomes a constructive amendment of the indictment. *See* 3 Charles Alan Wright and Sarah N. Welling, Fed. Prac. & Proc. Crim. § 516 (4th ed. 2011) ("The distinction between variances and constructive amendments is a matter of degree[.]"). That point is when the discrepancy between the charged offense and the trial evidence is so extensive that it creates a "substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." *Vosburgh*, 602 F.3d at 532 (internal quotation marks and citation omitted). Unlike less drastic variances, "[c]onstructive amendments 'are *per se* reversible under harmless error review[.]'" *Daraio*, 445 F.3d at 260 (quoting *United States v. Syme*, 276 F.3d 131, 136 (3d Cir. 2002) (first alteration in *Daraio*)).

In this case, the evidence presented at trial certainly varied from the terms of the indictment. Hill was specifically charged in Count 42 with using a telephone to facilitate a drug crime by making a call on May 5, 2013 at exactly 5:01pm. But even the government admits that the proof at trial only involved an informant's testimony of a call made twelve days later. The question is whether that variance is so significant that it could be said to modify the essential terms of the charged offense and thus constitute a

4

constructive amendment of the indictment.[3]  I think the answer to that has to be yes.  We have held that when "the grand jury identifies specific dates for an offense … it is reasonable to assume that the grand jury was indicting the defendant for acts occurring on the specific dates charged." *United States v. Somers*, 496 F.2d 723, 745 (3d Cir. 1974).  We have also said that when the grand jury "specifically confines its allegations of the defendant's wrongdoing to [specific dates] … the defendant cannot be subjected 'to prosecution for [conduct] which the grand jury did not charge.'" *United States v. Critchley*, 353 F.2d 358, 361-62 (3d Cir. 1965) (quoting *Stirone v. United States*, 361 U.S. 212, 274 (1960)).

Those precedents are still controlling and are consistent with our more recent cases, which establish that the "key inquiry" in ascertaining whether a constructive amendment has occurred is to determine "whether the defendant was convicted of the same conduct for which he was indicted." *Vosburgh*, 602 F.3d at 532 (quoting *Daraio*, 445 F.3d at 260).  When a defendant is indicted for a phone call occurring on a certain date at a certain time, but he is convicted based on evidence of a different phone call occurring at a very different date and time, it is clear that the defendant was not

_____

[3] Even if the disparity between what was charged and what was proven did not amount to a constructive amendment and therefore was only a variance, a sound argument can be made that it would nonetheless require reversal because it affected Hill's substantial rights by allowing him to be convicted of a crime which the indictment did not adequately announce.  *Cf. United States v. De Cavalcante*, 440 F.2d 1264, 1269 n.4 and accompanying text (3d Cir. 1971) (indicating that the Sixth Amendment right to be "informed of the nature and cause of the accusation" is implicated when a defendant is not put on notice of the crime charged (quoting U.S. Const. amend. VI)).  Because I am persuaded that the variance here does amount to a constructive amendment, that is the focus of my attention.

"convicted of the same conduct for which he was indicted."[4] *Id.* Such a variance constitutes a constructive amendment that is *per se* reversible. *Id.*; *see also Critchley*, 353 F.2d at 362 (overturning conviction where government proved conduct occurring "approximately one week earlier" than specific dates charged in the indictment).

The Majority tries to avoid that conclusion by relying on the government's deployment of the phrase "on or about" at the outset of the charge. My colleagues note that we do not require the government "to prove exact dates when it charges that a crime occurred 'on or about' a certain date." (Majority at 8 n.3 (quoting *Real v. Shannon*, 600 F.3d 302, 308 (3d Cir. 2010).) It is true that, "[b]y the use of the qualifying phrase 'on or about', the grand jury indicates its unwillingness to pinpoint the date of the offense charged[,]" and so "[w]e will not particularize by a per se rule what the grand jury leaves vagu[e]." *Somers*, 496 F.2d at 745. But in this instance the grand jury was not vague. It was specific down to the minute. It charged Hill with using a telephone to facilitate a drug crime on the "DATE" of "May 5, 2013" at the "TIME" of "17.01." (App. at 23.) That language does not indicate an "unwillingness to pinpoint the date of the offense." *Somers*, 496 F.2d at 745. On the contrary, the grand jury was exceedingly specific, and the reason is obvious: the government had surely provided to the grand jury evidence of a call by Hill on that date and at that time, a call that the government believed it could

---

[4] It is important to note that, while this case involves a drug conspiracy, Count 42 is not a conspiracy charge and we are not considering whether the May 17 call is simply a different overt act in support of the conspiracy. Count 42 charges a very specific use of a communication facility in furtherance of a drug trafficking felony, namely a conspiracy, in violation of 21 U.S.C. §§ 843(b) and (d)(1), along with an aiding and abetting charge. According to § 843(b), "[e]ach separate use of a communication facility shall be a separate offense under this subsection."

6

prove was in furtherance of the charged drug conspiracy.  But that evidence was never presented at trial.  Whether the failure of proof was deliberate or accidental is immaterial.  The failure remains.

When a grand jury is so specific as to the date and time of an offense, but the government varies from that timing by twelve days in its proof at trial, the phrase "on or about" cannot hide the problem.  To say it does gives a potency to those words that is not warranted by a sound reading of our precedent.  The government framed the charge in Count 42.  It did not have to be specific, but it chose to be.  The grand jury was presented with evidence that prompted it, in turn, to be specific.  The defendant was then put on notice of that specific offense and had the right to prepare his defense to meet that charge, not some different one.

The government's failure to adduce any evidence at trial of the specific phone call that is the sole subject of Count 42 should seriously "undermine our confidence in the belief that the defendant was convicted of the crime charged by the grand jury." *Somers*, 496 F.2d at 746.  When the government chooses to be specific, it should not be permitted to tack on the phrase "on or about" as a means to loosen its own burden and circumvent the defendant's right to be protected from prosecution for a crime which the grand jury did not charge. *Critchley*, 353 F.2d at 362.  The "variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.  Deprivation of such a basic right is far too serious to be treated

as nothing more than a variance and then dismissed as harmless error." *Stirone*, 361 U.S. at 217.[5]

I would therefore vacate the conviction on Count 42 and remand for the District Court to enter a judgment of acquittal on that count.

---

[5] Again, even if this were not a constructive amendment, but an ordinary variance, it would still require vacatur because of the risk of double jeopardy. Hill was both charged with and found guilty of "knowing[] and intentional use of a communication facility in committing, causing, and facilitating the commission of an act or acts of drug trafficking, occurring on May 5, 2013, at 17:01[.]" (Jury Verdict, D.E. 637 at pg. 4.) He was neither charged with nor convicted of a call occurring on May 17, 2013. Thus, the government could charge him for the same statutory violation in the future but actually get the date of the call right. Such an indictment would appear to present an entirely separate act and offense from the May 5, 2013 call on which Hill was indicted and convicted in this case. Because Hill could, in theory, be tried again for that same May 17, 2013 phone call, we should vacate his conviction on Count 42 even if it is only a variance because it is one that affects his substantial rights. *See United States v. Adams*, 759 F.2d 1099, 1110 (3d Cir. 1985) (recognizing that a variance affects substantial rights when it presents the "potential for a double jeopardy problem"); *United States v. Adamo*, 534 F.2d 31, 39 (3d Cir. 1976) (same); *see also* Indictments, 45 Geo. L.J. Ann. Rev. Crim. Proc. 323, 362 (2016) (explaining a variance requires reversal when it "constitutes a separate offense (exposing the defendant to double jeopardy)").