OPINION *
HARDIMAN, Circuit Judge.
Walter Hill appeals his drug conspiracy convictions. Because all five of his challenges fail under, the relevant standards of review, we will affirm.
I
Hill and eight others were named in a 69-count indictment for various offenses connected to drug conspiracies directed by Roberto Tapia, the former Director of Environment Enforcement for the Department of Planning and Natural Resources (DPNR) in the Virgin Islands. All defendants pleaded guilty except for Hill and Raymond Brown, who were tried simultaneously before different juries for separate conspiracies related to Tapia. Tapia cooperated with the Government and testified against Hill.
According to Tapia, he and Hill completed a seven-kilogram cocaine deal on May 17, 2013. Immediately thereafter, Hill drove Tapia to Angelo Hill (hereinafter, Angelo), who transported Tapia to the ferry where he was eventually arrested. Angelo testified that he had discussed the plan for the drag transaction with Hill on the phone earlier that day. Five months later, Angelo surreptitiously recorded a conversation with Hill involving the crime, which resulted in Hill’s indictment.
Hill was charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and use of a communication facility to facilitate a drag crime. The jury convicted Hill on all three counts and the District Court sentenced him to 24.0 months’ imprisonment.
II[1]
Hill raises five points on appeal: (1) his dual trial with Brown was improper; (2) the limits placed on his cross-examination of Tapia violated the Confrontation Clause; (3) there was insufficient evidence to convict him on Count 42; (4) Chief Judge Gomez should have recused; and (5) the procedure leading to his sentence under Counts 37 and 38 was improper. We find none of these arguments persuasive.
A
Hill’s first argument—that the District Court committed plain error by trying Hill and Brown simultaneously before separate juries—is precluded by our opinion in United States v. Raymond Brown, 849 F.3d 87 (3d Cir. 2017).
B
Hill next claims the District Court violated his Sixth Amendment right to confront witnesses against him when it limited some of his counsel’s cross-examination of Tapia. We review this issue for an abuse of discretion. United States v. Werme, 939 F.2d 108, 117 (3d Cir. 1991).
Hill is correct that the denial of any opportunity to cross-examine a witness about “plea agreements or promises of leniency” in exchange for testimony on behalf of the Government may be unconsti *142 tutional. See United States v. Pelullo, 964 F.2d 193, 218 (3d Cir. 1992). Defendants must be allowed to explore Government enticements and other motivations for testimony from Government witnesses. But Hill was not denied such an opportunity in this case.
Hill claims the District Court “barred or severely restricted inquiry” into Tapia’s plea agreement. Hill Br. 14. Yet the pages of the trial transcript upon which he relies provide no such evidence. See App. 102-05. In fact, the trial judge told Hill’s counsel at sidebar that it’s “perfectly fine to impeach the witness on a theory that he might be singing for his supper,” while merely warning counsel not to “create sub-trials” on completely unrelated issues. App. 103.
Hill also insists that the Court (improperly) “sua sponte stopped cross examination” of Tapia “regarding his participation in a task force of VIPD which had been disbanded due to corruption.” Hill Br. 14. When Hill’s counsel asked Tapia whether this task force dissolved due to corruption, the trial judge stated: “Let’s move on.” App. 101. Hill’s counsel then moved off that line of cross-examination with no objection. The Court later explained: “I don’t want to dig down in why ... [the] narcotics strike force was disbanded for whatever reason,” because that issue would distract the jury. App. 105.
The Court’s decision to preclude exploration of Tapia’s involvement in a disbanded task force unrelated to his testimony did not impair Hill’s right to inquire into Tapia’s bias as an interested witness. In fact, Tapia had testified that he had a “cooperation agreement” with the Government to get a “better understanding with my sentencing.” Hill Supp. App. 153. While more discussion of the corrupt task force may have shed additional light on Tapia’s bad character, the Court did nothing to preclude Hill’s counsel from emphasizing Tapia’s potential bias in this case.
The “Confrontation Clause does not grant unfettered rights to cross-examine witnesses.” United States v. Friedman, 658 F.3d 342, 356 (3d Cir. 2011). Rather, “[district courts have discretion to ‘impose reasonable limits on such cross-examination based on concerns about, among other things, ... interrogation that is repetitive or only marginally relevant.’ ” Id. (ellipsis in original) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). Hill provides no evidence that the Court abused its discretion or that he was precluded from demonstrating Tapia’s lack of trustworthiness.
C
Hill also challenges the sufficiency of evidence to convict him of Count 42, which alleged that “[o]n or about May 5, 2013,” he “used a communication facility” to commit a drug crime. App. 22. But Hill forfeited this argument by not raising it in the District Court. We have held that to preserve claims for appeal, defendants must raise specific arguments—not mere issues—in the District Court. See United States v. Joseph, 730 F.3d 336, 341-42 (3d Cir. 2013). Hill made a Rule 29 motion below, see App. 120, but he did not argue in that motion that no evidence was presented to prove Count 42. Rather, Hill argued only that it was prejudicial for the Government to show a long list of phone calls—only five or six of which were to his phone—without clearly noting that the rest of the calls didn’t involve him. App. 121-22; see also App. 120 (additional bare-bones sufficiency argument with respect to the separate conspiracy count). On appeal, by contrast, Hill argues that the Government failed to introduce “evidence of any phone call to or from Walter Hill’s cell phone on May 5, 2013 or on any other date *143 [ ] that would substantiate Count 42.” Hill Br. 23. Because this is a different argument—it depends on a different legal rule (sufficiency rather than prejudice) and different facts, Joseph, 730 F.3d at 342—it was waived.[2]
Even if we were to evaluate the sufficiency claim on appeal, our review would be “highly deferential;” we must be careful not to “substitut[e our] judgment for that of the jury.” United States v. Caraballo-Rodriguez, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (citation omitted). We ask only whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,” viewing the evidence in the light most favorable to the Government. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citation omitted).
The indictment alleged criminal conduct with respect to a call on or about May 5, 2013, and specifically referenced a call made at 17:01 on that day. Hill claims that “at trial the District Court did not allow into evidence any document to substantiate that allegation,” and the Government didn’t put forward “any live witness to testify to the existence of that call on that date.” Hill Br. 20. Hill is technically correct. The District Court never admitted evidence of a phone call on May 5, 2013.
Hill is mistaken, however, when he suggests that no evidence of such a phone call “on any other date” existed, see Hill Br. 23. In fact, Angelo testified that he “made a phone call to” Hill on May 17, telling “him what Tapia requested [ (a drug deal for seven kilos of cocaine) ] and he agreed to meet with him.” Hill Supp. App. 512. Hill not only oversaw that cocaine deal, he also spoke on the phone with Angelo again later that day about Tapia’s arrest soon after the transaction. Hill Supp. App. 518. Hill also paid Angelo $3,500 for “assisting in the transaction.” Id. This testimony was sufficient evidence to establish that Hill used a phone to commit, cause, or facilitate the commission of a drug felony—as required by the crime alleged in Count 42.[3]
*144 D
We next consider Hill’s argument that Chief Judge Gomez should have recused himself from the case sua sponte. We review this claim, which Hill admittedly-raised for the first time on appeal, for plain error.
Hill first contends that it was inappropriate for Chief Judge Gomez to rule on a motion to suppress evidence under the Fourth and Fifth Amendments after he authorized the recording in question. Hill provides no legal authority for this proposition and we are unaware of any.
He also argues that Chief Judge Gomez should have recused himself from the case to avoid the “appearance of impartiality [sic].” Hill Br. 28. Hill claims that Chief Judge Gomez has known one of the Government’s key witnesses—Angelo Hill— “since they were in high school together,” and because the judge was a federal prosecutor while Angelo “worked in law enforcement.” Id. These arguments fall well short of fulfilling Hill’s burden under any standard of review because the record is devoid of any evidence to support Hill’s factual allegations in this regard.
E
Finally, Hill argues that Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), invalidates his sentences under Counts 37 and 38. That case held that any fact that increases the mandatory minimum sentence for a crime must be submitted to the jury and found beyond a reasonable doubt. Id. at 2160-64. Although the jury did find the weight of the drugs exceeded 5 kilograms, it did not decide whether Hill actually had a prior drug conviction, which also contributed to Hill’s minimum sentence. This objection was not raised at sentencing, so we review this claim for plain error. United *145 States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002).
There was no error at Hill’s sentencing. First, Hill admitted in his memorandum that he had a prior felony drug conviction. See Hill Supp. App. 736 (“Due to a prior conviction for Distribution of Cocaine, from twenty years ago, the mandatory minimum sentence is enhanced .... ”). Second, and more importantly, Hill is wrong on the law; courts need not submit prior convictions to the jury under Alleyne even if those convictions increase the mandatory minimum. The Supreme Court in Almendarez-Torres v. United States recognized an exception to the general rule of submitting facts affecting sentencing to the jury—and that exception was for “the fact of a prior conviction.” Alleyne, 133 S.Ct. at 2160 n.1 (citing Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). Prior convictions may be treated as sentencing factors, not as elements of the offense, even after Alleyne. See id. Accordingly, Hill’s Alleyne challenge fails.
III
For the reasons stated, we will affirm.

 This disposition is not an opinion of the full Court and pursuant to I.O.P, 5.7 does not constitute binding precedent.

. The District Court had jurisdiction over these federal criminal cases under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

. Our dissenting colleague responds that some courts have found broadly stated motions for acquittal are "sufficient to preserve the full range of challenges ... to the sufficiency of the evidence.” DIS. typescript at 146 n.1 (quoting United States v. Hammoude, 51 F.3d 288, 291 (D.C. Cir. 1995)). But some of those courts have also assumed that if a defendant chooses to specify the grounds for his Rule 29 motion, his appeal is limited to those specific arguments. See, e.g., Hammoude, 51 F.3d at 291 (noting that “Ham-moude’s second motion for acquittal was broadly stated, without specific grounds” (emphasis added)); United States v. Rivera, 388 F.2d 545, 548 (2d Cir. 1968) ("[W]here as here a motion for acquittal is made on specified grounds which do not include [the objection on appeal], we think that objection has been waived.”); State v. Kreps, 4 Haw.App. 72, 661 P.2d 711, 714 n.1 (1983) (same) (listing cases from Second, Ninth, and Seventh Circuits); 2A Fed. Prac. & Proc. Crim. § 466 n.2 (4th ed. 2016). Because this rule comports best with our Joseph precedent, we will follow it.

. At oral argument, the question was raised as to whether a variance might exist between the crime alleged and the crime proved insofar as the indictment referenced a call on May 5, while the testimony referenced a call on May 17. As counsel for Hill conceded at oral argument, however, this issue was neither raised in the District Court nor even mentioned in Hill’s Brief. As such, this issue was forfeited. See United States v. Andrews, 681 F.3d 509, 532 (3d Cir. 2012).
Our dissenting colleague asserts that raising a sufficiency of the evidence argument at the District Court is enough to preserve a variance claim for our review. We disagree. "Our jurisprudence distinguishes between challenges to the sufficiency of the evidence, in which the appellant claims that the government failed to prove an essential element of [the crime], and variance claims, in which the appellant argues that the government proved [a different crime than] the one charged in the indictment.” United States v. Kemp, 500 F.3d 257, 287 n.18 (3d Cir. 2007). Nowhere below or in his brief to us did Hill acknowl *144 edge the Government’s proof of the May 17 call and argue it was a different crime than the one alleged. Instead, he argued there was no evidence admitted of a call violating the elements of Count 42. Hill Br. 18-23. And the cases and treatise cited by our dissenting colleague, DIS. typescript at 145-47, appear only to allow a defendant to raise a variance claim in a Rule 29 motion, not to require us to infer one in this case.
Even if we were to consider the merits of a variance claim, it would fail because Hill has demonstrated no prejudice in this case. We have held that the Government is not required to -prove exact dates when it charges that a crime occurred "on or about” a certain date. Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010). There is no prejudice to the defendant, as required by United States v. Somers, 496 F.2d 723, 744 (3d Cir. 1974), where “proof at trial was within weeks of the specific 'on or about' date charged,” Real, 600 F.3d at 309 (citation omitted). “By the use of the qualifying phrase ‘on or about', the grand jury indicates its unwillingness to pinpoint the date of the offense charged.” Somers, 496 F.2d at 745, Our dissenting colleague’s assertion that the inclusion of a specific date and time necessarily vitiates the phrase "on or about” cuts against our precedent and would “particularize by a per se rule what the grand jury” intended to leave open ended. Id. If the call proved by the Government were twelve hours different than the time listed, would that still involve a variance? What about a clerical error leading to one day’s difference? One week? We can find no reason in our precedent to conclude an indictment issued for a crime “on or about” a time and day cannot reach the same crime with the same elements committed 12 days after the date listed.
Indeed, we found no prejudice when an indictment alleged activity "between on or about January 1, 1970 and July 31, 1970,” but only proved such activity in "early [] 1969.” Id. at 743. This substantial date change was treated as a variance, not a constructive amendment as our dissenting colleague suggests we should evaluate our 12-day change. DIS. typescript at 147. Because Hill has shown no evidence that he was "surprised by the proof adduced” at trial and "was unable to prepare his defense adequately,” any variance claim would fail. Somers, 496 F.2d at 746.